ACKERMAN, APPELLANT, *v.* LUCAS COUNTY CHILDREN SERVICES BOARD, APPELLEE.

(No. L-88-356 — Decided September 15, 1989.)

*Sue Porz* and *Anthony Bayford,* for appellant.

*Bruce D. McLaughlin,* for appellee.

HANDWORK, P.J.   This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division.

The matter in dispute is an order granting temporary custody of a minor child, David Jones, to his paternal grandfather, Raymond Smith, with visitation by David's mother, Laurie (Baer) Ackerman, appellant herein, to continue as arranged by Raymond Smith and Mary Riley, David's maternal grandmother. A case summary presented to the trial court prior to its ruling in this matter shows a long history of involvement by both the appellee, the Children Services Board ("LCCSB"), and the Fulton County Department of Human Services to ensure that David Jones received adequate care and attention from appellant. Temporary custody of David was granted to LCCSB in 1979, 1982 and 1984. When appellant moved to Fulton County in 1984, temporary custody of David was transferred, through appropriate proceedings, to the Fulton County Department of Human Services. Several attempts were made to establish comprehensive reunification plans to facilitate the restoration of custody of David to appellant, but appellant repeatedly failed to comply with the plan requirements. As a result, David was placed with his paternal grandparents in January 1987, and temporary custody was again transferred to LCCSB in that same year. Having determined that David's placement with his grandparents provided the stability and care that was previously lacking when David remained with appellant, LCCSB initiated this action by filing a motion to terminate temporary custody and to award custody to Raymond Smith and his wife, now deceased. Hearings were held on the motion on

May 13, 1988, and findings were entered on September 6, 1988. Following a motion for rehearing, the Juvenile Division of the Lucas County Court of Common Pleas affirmed the findings and recommendations of the referee, leaving temporary custody of David with Raymond Smith. Appellant timely filed an appeal, bringing this matter before the court.

In her first assignment of error, appellant states:

"Lucas County was not the proper county to determine custody."

In support, appellant cites two sections of the Ohio Revised Code. The first section cited, R.C. 2151.06, states that under the statutory sections dealing with juvenile proceedings, "* * * a child has the same residence or legal settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis." The second section cited, R.C. 2151.271, states in pertinent part:

"If the child resides in a county of the state and the proceeding is commenced in a juvenile court of another county, that court, on its own motion or a motion of a party, *may* transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or dispositional hearing, for such further proceeding as required. * * *"

Appellant asserts that these two sections of the Revised Code mandate the court in Fulton County as the proper court to determine David's custody. Appellant points out that she is the parent of David, and that she was residing in Fulton County in 1988 when this custody motion was filed, heard and decided. Appellant argues that the paternal grandparents of David, with whom he was placed during the pendency of the proceedings in question, do not fit any of the descriptions in R.C. 2151.06. The paternal grandparents were not David's

parents, legal guardians or custodians in the relation of loco parentis. Thus, according to appellant's reasoning, the county in which David's paternal grandparents were living, Lucas County, was not the proper county for legal proceedings to determine who should have custody of David.

Appellant's argument overlooks several salient facts, which are ably pointed out by appellee in its brief to this court. First, appellant raised no objection to venue in the court below. A well-established fact of law is that under the Ohio Rules of Civil Procedure, objections to venue are waived if not raised at the earliest possible moment and will not be considered for the first time on appeal. See *State, ex rel. Lawrence Development Co.,* v. *Weir* (1983), 11 Ohio App. 3d 96, 97, 11 OBR 148, 149, 463 N.E. 2d 398, 399. The purpose of this rule of law is apparently to prevent a party from deciding to raise an objection to venue only after obtaining an unfavorable judgment, in order to completely re-try the case in a different court with proper venue. While the case at hand is governed by Ohio's Juvenile, rather than Civil Rules, the same rationale applies. Both Juv. R. 11 and R.C. 2151.271, which deal with proper venue in juvenile proceedings, indicate that venue is generally a matter of the court's discretion. One limited exception makes a change of venue mandatory if other proceedings are already pending in the juvenile court of the county where the child legally resides. Juv. R. 11(B). Since that exception does not apply in this case, the matter of venue was completely within the discretion of the court below. As no objections to venue were presented in the proceedings below, the court properly conducted a hearing and reached a determination. This court will not now entertain an objection to the trial court's venue, first raised on appeal.

Second, even if venue objections had not been waived, the Juvenile Division of the Lucas County Court of Common Pleas had proper venue in this case, as both the custodian in loco parentis and a natural parent of David were residents of Lucas County. The record clearly shows that LCCSB was the legal custodian of David, standing in loco parentis. In addition, David's natural father, Dale Smith, was living in Lucas County during the pendency of the proceedings. Accordingly, under R.C. 2151.06, the residence of David was Lucas County. The first assignment of error is not well-taken.

Appellant's second assignment of error presented for review is:

"Appellant has been denied an effective appeal due to lack of [a] complete transcript."

Appellant states that testimony relating to the case at bar was heard on the following dates: January 5, 1984, January 18, 1984, April 17, 1984, July 15, 1987, March 23, 1988 and August 23, 1988. Appellant further states that since the only testimony now available in transcript form is the testimony from the two January 1984 hearings, she has been denied a complete transcript and has been denied an effective appeal. Appellant contends that attempts to compile a narrative transcript, pursuant to App. R. 9(C), would be prohibitive since the hearings span a five-year time period and involve several attorneys. For the following reasons, we are not persuaded by appellant's contentions.

First, only one hearing, the one which began in March 1988 and continued to August of the same year, can be considered on this appeal. Temporary custody orders entered pursuant to Juv. R. 34 are final and appealable when they are entered. See *Morrison* v. *Morrison* (1973), 45 Ohio App. 2d 299, 300, 74 O.O. 2d 441, 441-442, 344 N.E. 2d 144, 145. See, also, *In re Pat-*

*terson* (1984), 16 Ohio App. 3d 214, 215, 16 OBR 229, 230, 475 N.E. 2d 160, 161-162. Accordingly, appellant had thirty days after each Juv. R. 34 order was filed to enter an appeal. Appellant's failure to timely appeal the orders entered in 1984 and 1987, granting temporary custody of David to others, precludes any further consideration of the hearings conducted prior to those orders. Accordingly, appellant's burden of compiling a narrative transcript of the 1988 hearing is not onerous.

Second, as appellee correctly points out, under R.C. 2151.35, no mandatory duty exists for a court to make a record of temporary custody hearings. A court does have a duty to make a record in a permanent custody hearing, R.C. 2151.35, but since the case at bar involves a temporary custody order, no mandatory duty existed to make a record unless appellant requested that a record be made at the time the hearing was conducted. No evidence of such a request appears in the documents before this court.

Finally, the authority cited by appellant deals with the right to a transcript on appeal in criminal proceedings, and is not analogous or persuasive in this case. The second assignment of error is not well-taken.

The third and final assignment of error appellant raised for this court's consideration reads:

"The lower court's decision was against the manifest weight of the evidence."

Appellant cites to objections filed by her attorney in the court below to support her argument that the trial court improperly discriminated against appellant by considering her low intelligence as a factor warranting the award of temporary custody of David to his grandfather.

Objections raised by counsel are not considered evidence and cannot be

used by this court to review a decisison under a manifest-weight standard. As previously discussed, appellant had the opportunity under R.C. 2151.35 to request that a record be made at the time the hearings were conducted. In addition, appellant has a duty under App. R. 9(B) to provide a complete transcript, or substitute therefor, when raising a manifest-weight question before this court. Because appellant chose not to request that a record be made when the hearings were conducted, pursuant to R.C. 2151.35, and because appellant also chose not to provide this court with a narrative transcript, pursuant to App. R. 9(C), this court has no record before it to dispute the findings of the trial court. No option is available, except to affirm the judgment entered below. The third assignment of error is not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

CONNORS and ABOOD, JJ., concur.