## In the Matter of Vickery
*[Cite as 8 AOA 699]*

*Case No. CA89-05-076*
*Butler County, (12th)*
*Decided December 17, 1990*

*John F. Holcomb, Butler County Prosecutor, Kathleen D. Romans, 300 North Fair Avenue, Hamilton, Ohio 45011, for Appellee, Butler County Children's Services Board.*

*Mary G. Nash, Nash & Schoettler, 40 High Street, Hamilton, Ohio 45011, for Appellee, Marianne Crockett.*

*Donald C. LeRoy, 709 Dayton Street, Hamilton, Ohio 45011, for Appellant, Michael Vickery.*

*Harry Zornow, 310 South Front Street, Hamilton, Ohio 45011, Guardian ad Litem.*

*Per Curiam.*

Appellant, Michael Vickery, appeals a finding made by the Butler County Court of Common Pleas, Juvenile Division, finding that he sexually abused his daughter and ordering continued supervised visitation.

On June 16, 1987, a complaint was filed alleging that Jessica Vickery, then four and one-half years old, was an abused child in that she was a victim of sexual activity committed by appellant. A hearing on the complaint was held on July 21, 1987 at which all parties agreed that the child had been abused. However, appellant denied being the perpetrator. Based on the stipulations of the

parties, the trial court found Jessica to be an abused child pursuant to R.C. 2151.031. The court ordered appellant to be evaluated and ordered that there would be no visitation until the evaluation was completed.

On September 21, 1987, the court ordered two hours of supervised visitation per week. In subsequent months, a number of hearings were held regarding the issue of visitation which resulted in slight modifications as to the time and place. During these hearings, various reports of psychologists and social workers were submitted to the court.

On November 29, 1988, appellant filed a motion for an order extending the visitation schedule to include periods of unsupervised visitation. Several hearings were held on this issue at which various reports made by psychologists and social workers were admitted into evidence over appellant's objection. These reports contained hearsay statements allegedly made by the child.

At a hearing held on April 24, 1989, the trial judge, who had previously waivered on the issue, stated that he had reviewed all materials submitted in the case from the beginning and had concluded that appellant was the perpetrator of the abuse. He ordered appellant to participate in a program for sexual offenders. He also ordered supervised visitation to continue. Because previous visitations had not been adequately supervised, he ordered visitation to take place at a program called "Middleground." Although the purpose of this order was not to curtail the frequency of the visitation, due to the set up of the program appellant's visitation time was cut in half. This appeal followed.

Appellant presents four assignments of error for review. In his first assignment of error, he states that the trial court erred in finding that Jessica was an abused child. He argues that the trial court failed to follow the procedures of Juv. R. 29(D) for accepting the admission that she was an abused child. We find this assignment of error is not well-taken.

In order to initiate an appeal, a party must file a notice of appeal "within thirty days of the date of the order or judgment appealed from." App. R. 4. The judgment of the trial court finding the child to be abused and subsequent dispositional order constituted a final appealable order. See *In re Murray* (1990), 52 Ohio St. 3d 155, syllabus;

*Ackerman v. Lucas Cty. Children's Services Bd.* (1989), 49 Ohio App. 3d 14, 16; *In re Rule* (1963), 1 Ohio App. 2d 57, 60. Accordingly, appellant had thirty days after the filing of the July 21, 1987 judgment entry to file an appeal. Any issue related to the adjudication of abuse should have been raised at that time. See *In re Smith* (1982), 7 Ohio App. 3d 75, 77. Appellant's failure to file a timely appeal precludes consideration of the issues he now raises. *Ackerman, supra,* at 16. Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant states that the trial court erred in admitting hearsay evidence and improper opinions. He contends that hearsay evidence is inadmissible to prove the identity of the perpetrator of child sexual abuse. We find this assignment of error to be well-taken.

The Juvenile Rules require that proceedings in dependency, neglect and abuse cases be bifurcated into separate adjudicatory and dispositional stages. *In re Baby Girl Baxter* (1985), 17 Ohio St. 3d 229, 233; *In re Sims* (1983), 13 Ohio App. 3d 37, 38. First, the court must hold an adjudicatory hearing pursuant to Juv. R. 29. The purpose of this hearing is to explore the merits of the allegations in the complaint and to determine if the child in question is in fact abused, neglected, dependent or otherwise deserving of further court intervention. The focus of the adjudicatory hearing is on the parents, *i.e.,* what they are providing the child in terms of food, shelter and care, and what they might be expected to provide in the future. *In re Vickers Children* (1983), 14 Ohio App. 3d 201, 204; *In the Matter of: Bryant* (June 24, 1985), Butler App. No. CA84-10-119, unreported, at 3-4. At the adjudicatory stage, there must be strict adherence to the rules of evidence. *Baxter, supra,* at 233; *Sims, supra,* at 41.

Next the court must hold a dispositional hearing pursuant to Juv. R. 34 for the purpose of determining what should be done with the child in light of the adjudicatory finding. At the disposi- tional stage, the focus is on the best interest of the child. *Baxter, supra,* at 233; *Vickers, supra,* at 206. Any material, relevant evidence is admissible at the dispositional stage, including hearsay, opinion and documentary evidence. Juv. R. 34(B) (2); *Baxter, supra,* at 233.

While adjudicatory and dispositional hearings need not necessarily be held on different days or at separate times, there must be a definitive bifurcation of the proceedings so that the parties are afforded an opportunity to present evidence at both the adjudicatory and dispositional stages. *Baxter, supra,* at 233; *Bryant, supra,* at 4.

Appellant argues that the procedure used in the present case was one long adjudicatory process to which the rules of evidence have not applied. This blurring of the adjudicatory and dispositional stages of the proceedings has effectively denied him the right to cross-examine the witnesses against him, and to have the trier of fact weigh the credibility of the witnesses against him. We agree.

Appellees contend that the adjudicatory phase of the proceedings occurred during the hearing on July 21, 1987 at which time Jessica was found to be an abused child. Therefore, they argue, any further hearings were dispositional and the hearsay admitted in the form of psychological reports and social summaries was properly admitted into evidence as their purpose was to assist the court in deciding how to protect the child's best interests. We find this argument to be problematic.

Appellees rely on *In re Pitts* (1987), 38 Ohio App. 3d 1, in which the Knox County Court of Appeals concluded that during the adjudicatory phase of the proceedings, the trial court does not have to find any fault on the part of a parent in order to find that a child is abused pursuant to R.C. 2151.031. The court reasoned that because the statute makes no reference to parental fault, "[a]ll that is necessary is that the child be a victim, regardless of who is responsible for the abuse. The focus is upon harm to the child, not upon parental or custodial blameworthiness." *Id.* at 5.

We do not dispute this contention. Certainly there does not have to be a finding of parental fault to conclude that a child is abused. In this case, the trial court could properly find that Jessica was an abused child without a finding as to who was the perpetrator of that abuse. Nevertheless, R.C. 2151.031 does not preclude a finding of fault. Often a finding of fault is intertwined with the determination that a child has been abused. In *Sims, supra,* at 40, we described the interests at stake in the adjudicatory hearing:

"*** While the adjudicatory hearing based on allegations of neglect and dependency is not a criminal proceeding, valuable rights of the parties are nonetheless at stake. Here, the state essentially alleges that the father's misconduct or the child's condition were such as to permit removal of the child by the government from the father's care. While the father is not a criminal defendant, he was certainly 'defending' his ability to properly care for his child. Where allegations of neglect or dependency are hotly disputed, a party must be permitted to adequately respond to the charges, to confront the witnesses against him and to defend his right to the custody of his child."

We also described the reasons that adherence to the rules of evidence is necessary in the adjudicatory phase:

"'Informality' [in juvenile court proceedings] does not mean abandoning the procedural and evidentiary rules which guide a court in search of the truth. Indeed, where one's fitness as a parent is being attacked by the state, where a potential end result is the loss of custody of one's child, and where the adjudication will be based on the resolution of conflicting testimony, the emphasis should be on an accurate search for the truth and not on informality.

"The hearsay rule is based, primarily, on the fact that one against whom the hearsay is offered has no opportunity to cross-examine the person with first-hand knowledge to determine whether that witness accurately perceived the event, retained an accurate impression of what he perceived, and is able to convey the perceived data without error. See, generally, McCormick, Evidence (2d Ed. Cleary Ed. 1972) 581, Section 245. While Juv. R. 29 permits an adjudicatory hearing to be 'informal,' a father or mother defending his or her fitness as a parent in an adversarial and often highly emotional proceeding should not have less protection than a defendant in small claims court. The importance of the parental interests involved demands an accurate determination of the facts surrounding a complaint alleging neglect or dependency and requires substantial compliance with the Rules of Evidence. ***" *Id.* at 40-41.

While *Sims* involved allegaions of neglect, the same principles are applicable in a case of abuse. During the adjudicatory phase, the state must prove the allegations of the

complaint to justify interference in the family relationship. At the dispositional phase, the allegations of the complaint are not in issue. See *In the Matter of Pant* (July 29, 1988), Clermont App. No. CA87-05-039, unreported, at 3-4. Hearsay cannot be used as proof or evidence of the allegations in the complaint, *Davis v. Trumbull Cty. Children's Services Bd.* (1985), 24 Ohio App. 3d 180, 183-84, because proving these allegations is part of the adjudicatory process.

In the present case, the complaint alleged that appellant was the perpetrator of the abuse. From the beginning, appellant was placed in the position of defending his innocence. The trial judge initially acknowledged that there was no proof that he was the perpetrator. Two years later, relying on hearsay evidence admitted in the guise of disposition, he determined that appellant was indeed the perpetrator. In our view, this determination was properly part of the adjudicatory process. A finding in juvenile court that a father sexually abused his daughter is every bit as damaging as a criminal conviction. There is a need for an accurate determination of the truth of the allegations made. This type of finding should not be made on the basis of hearsay evidence, which is inherently unreliable. Appellant was placed in the position of being unable to defend against the allegations, and was denied due process. Accordingly, appellant's second assignment of error is sustained.

In his third assignment of error, appellant states that the trial court's finding that he was the perpetrator is against the manifest weight of the evidence. We find this assignment of error to be well-taken.

"Judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence." *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279, syllabus; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80. Excluding from consideration the hearsay relied on by the trial court which was not competent evidence, we find there is no evidence to support the trial court's finding. Accordingly, appellant's third assignment of error is sustained.

In his fourth assignment of error, appellant states that the trial court abused its discretion in making the visitation orders. He argues that the evidence did not support the limitations imposed on visitation. We find this assignment of error is not well-taken.

An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219. The record reveals that the trial court's primary motivation in ordering supervised visitation was to protect the child, which the court viewed as its "primary responsibility." Given that there was no indication that the abuser was anyone but appellant, we do not find the court's attitude to be unreasonable, arbitrary or unconscionable. Further, the trial court made every effort to accommodate appellant in terms of time and place of visitation. We find no abuse of discretion. Accordingly, appellant's fourth assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.