OPINION
This appeal is taken from a final judgment of the Juvenile Division of the Ashtabula County Court of Common Pleas. Appellant, Douglas Bragdon, appeals from the juvenile court's judgment terminating his parental rights and granting permanent custody of his minor children, Ryan and Chad Bragdon, to appellee, Ashtabula County Children Services Board ("CSB").
On September 9, 1996, CSB filed a complaint of abuse, neglect, and dependency, as well as an ex parte motion for emergency custody of Christopher and Steven O'Neal and Ryan and Chad Bragdon, in the juvenile court. At the time the complaint was filed, all four children were living with appellant and his wife Sherri Bragdon.[1]
The juvenile court immediately granted CSB's motion for emergency custody. Shortly thereafter, an adjudicatory hearing was held, at which time the children were committed to the temporary custody of CSB. Ryan and Chad were subsequently returned to appellant's and Sherri Bragdon's custody in March 1997. However, CSB retained protective custody over the children.
In December 1997, CSB again sought temporary custody of Ryan and Chad Bragdon at the request of Sherri Bragdon. A magistrate conducted an adjudicatory hearing on March 16, 1998. At the conclusion of the hearing, the magistrate found that the children were neglected, and recommended that CSB be granted temporary custody. The juvenile court adopted the magistrate's decision on April 9, 1998. No appeal was taken from this judgment.
On May 1, 1998, CSB filed a motion with the juvenile court requesting modification of the temporary custody order to one for permanent custody. After a three-day hearing, a magistrate issued a decision recommending that CSB be granted permanent custody of the children on February 26, 1999. Both appellant and Sherri Bragdon filed objections to the magistrate's decision. Neither party, however, filed a transcript or affidavit of the custody hearing. On March 31, 1999, the juvenile court overruled the objections and adopted the magistrate's decision, thereby granting permanent custody of Ryan and Chad to CSB.
From this judgment entry, appellant and Sherri Bragdon filed timely notices of appeal with this court. We subsequently dismissed Sherri Bragdon's appeal for failure to prosecute. In addition, after determining that appellant did not have standing to appeal the juvenile court's permanent custody order with respect to the O'Neal children, we dismissed Christopher and Steven from this action. Appellant now asserts the following assignments of error for our consideration:
 "[1.] The magistrate's actions were highly improper and prevented the appellant from receiving a fair hearing.
 "[2.] Reversible error was committed when hearsay testimony was admitted into evidence."
In his first assignment of error, appellant argues that during the temporary custody hearing conducted on March 16, 1998, the magistrate made an inappropriate comment that showed she was predisposed to rule against him. Specifically, appellant maintains that after finding that the children were neglected and that it would be in their best interest to be placed in CSB's temporary custody, the magistrate improperly ordered CSB to consider permanent custody proceedings for the children. Appellant believes that by "ordering" CSB to begin such proceedings, the magistrate not only overstepped the bounds of her authority, but she then compounded the error by conducting the subsequent permanent custody hearing.
Appellant is alleging errors that occurred during the initial custody determination on March 16, 1998, at which time the magistrate found the children to be neglected and granted temporary custody to CSB. However, appellant is prohibited from raising any issue regarding the temporary custody order because he failed to appeal the juvenile court's judgment entry adopting the magistrate's decision.
It is well-established in Ohio that a finding by a juvenile court that a child is neglected or dependent as defined in Revised Code Chapter 2151, followed by a disposition awarding temporary custody of the child to a public children services agency, constitutes a final appealable order pursuant to R.C. 2505.02. In re Murray (1990), 52 Ohio St.3d 155,161. See, also, In the Matter of Barcelo (June 26, 1998), Geauga App. No. 97-G-2095, unreported, at 10-11, 1998 Ohio App. LEXIS 2921. As a result, the juvenile court's April 9, 1998 judgment entry adopting the magistrate's finding that the children were neglected, and her subsequent award of temporary custody to CSB, was a final appealable order.
Because the April 9, 1998 judgment entry was a final appealable order, appellant had thirty days after its filing to perfect a timely appeal. App.R.4(A). Any issue related to the temporary custody order should have been raised at that time.
The record shows that appellant never appealed this decision. Having failed to timely do so, appellant cannot now raise the finding of neglect or the disposition of temporary custody to CSB in his appeal of the juvenile court's March 31, 1999 order granting CSB permanent custody.Barcelo at 3-4. Thus, appellant's failure to file a timely appeal precludes this court from considering whether the trial court erred.Ackerman v. Lucas Cty. Children Services Bd. (1989), 49 Ohio App.3d 14,16. Appellant's first assignment of error is without merit.
In his second and final assignment of error, appellant claims that the magistrate erred when she allowed hearsay testimony to be presented during the permanent custody hearing. While not clear from the briefing, appellant seems to be challenging portions of testimony relating to the condition and treatment of the children while they lived with appellant and Sherri Bragdon.
We note that appellant filed timely objections to the magistrate's decision on March 12, 1998. However, it is apparent from the juvenile court's judgment entry that appellant failed to include a transcript or affidavit of the custody hearing with those objections, despite the fact that the proceedings were recorded.
Juv.R. 40(E)(3)(b) provides:
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.)
The duty to provide a transcript or affidavit of the proceedings to the juvenile court rests with the party objecting to the magistrate's decision. This court has held on numerous occasions that the objecting party's failure to provide the juvenile court with a proper record per Juv.R. 40(E)(3)(b) constitutes waiver of the alleged error on appeal. Inthe Matter of Stone (Sept. 15, 2000), Lake App. No. 99-L-109, unreported, at 5-6, 2000 Ohio App. LEXIS 9209; In the Matter of Pollis
(May 8, 1998), Trumbull App. No. 97-T-0066, unreported, at 4, 1998 Ohio App. LEXIS 2122. See, also, Civ.R. 53(E).
Appellant has subsequently filed a transcript of the custody hearing with this court for the first time on appeal. Nevertheless, that supplementation does not cure the problem; nor does is enable us to consider evidence which was not before the juvenile court at the time it made its decision. Yancey v. Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, unreported, at 8, 2000 Ohio App. LEXIS 788.
As we noted above, appellant is now arguing that the magistrate improperly allowed hearsay testimony into evidence during the permanent custody hearing. That analysis would require this court to review the testimony. Unfortunately, appellant's failure to provide the juvenile court with a transcript or affidavit is fatal. Pollis at 4. Accordingly, this court is unable to address whether the magistrate improperly allowed hearsay evidence to be presented, or whether the testimony in question was hearsay at all.
Even if we were inclined to consider appellant's second assigned error, we would be unable to do so because he has failed to include in his brief references to the testimony which he feels was improperly admitted as required by App.R. 12(A)(2), App.R. 16(A)(7), and Loc.R. 12(C)(4). This court is authorized to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" App.R. 12(A)(2). See, also, Allen v. Allen (June 26, 1998), Trumbull App. No. 97-T-0114, unreported, at 6-7, 1998 Ohio App. LEXIS 2922.
We are required to presume that the record supports the actions of the juvenile court unless appellant can demonstrate otherwise. Pollis at 5, citing Wade v. Wade (1996), 113 Ohio App.3d 414. While the termination of parental rights is a serious matter, appellant has not properly preserved the issues for appellate purposes, and this court is unable to address the assigned error. Appellant's second assignment of error, therefore, is without merit.
As an aside, we would like to note that the magistrate conducted a comprehensive review of the evidence and reached the right result. The magistrate's decision is very thorough and provides ample evidence to support her decision to terminate appellant's parental rights and grant permanent custody of the children to CSB.
In her decision, the magistrate found that appellant had a long history of physically and verbally abusing both the children and the children's mother, Sherri Bragdon. In fact, conditions at home were so bad that Sherri Bragdon asked CSB to step in and take custody of the children because she felt that she could not protect them from appellant.
After the children were taken from the home, CSB developed a case plan so that they could ultimately be reunified with their parents. The case plan included several goals, including, among other things, psychological evaluations, counseling, and anger management and parenting classes. However, despite early participation on appellant's part, he eventually quit working on the case plan. As a result, a no contact order was issued by the juvenile court forbidding appellant to have contact with the children.
Nevertheless, appellant continuously violated the order by remaining in the family home. In addition, it was the opinion of the professionals caring for the children that they should not be returned to the custody of Sherri Bragdon because she was unable to protect them from appellant's abuse. As for appellant, the children had told various individuals that they did not wish to live with appellant and that they were afraid of him. This fear of appellant extended to Sherri Bragdon because the children believed that she could not protect them.
The children's guardian ad litem also submitted a report to the magistrate. After conducting several interviews and reviewing relevant reports, she concluded that appellant had failed to remedy the conditions which caused the children to be placed outside the home. Specifically, appellant had continued to abuse the children after they were returned to the family home in March 1997. As a result, the guardian ad litem
believed the likelihood that the abuse would occur again was "extremely high[,]" and that the granting of permanent custody to CSB would be in the best interests of the children.
Based on the forgoing analysis, appellant's first and second assignments of error have no merit. As a result, the judgment of the juvenile court is affirmed.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] Christopher and Steven O'Neal were Sheri Bragdon's children from a prior relationship.