DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, which denied a motion filed by appellant, Cuyahoga County Department of Children and Family Services ("Cuyahoga agency") to transfer this case to the Juvenile Court in Cuyahoga County. For the reasons stated herein, this court reverses the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On May 3, 2002, Huron County Department of Jobs and Family Services ("Huron agency") filed a complaint alleging that Don B., born in 1990 ("the child"), was an abused child in that he had been the victim of sexual activity while in a foster home. The complaint stated that the child had been placed in a foster home in Huron county while in the custody of the Cuyahoga agency. The Huron agency sought the grant of temporary or legal custody to a relative or interested party and permanent or temporary custody to the Huron agency with protective supervision. A guardian ad litem ("GAL") and counsel were appointed for the child. On May 14, 2002, a preliminary hearing was held; the trial court ordered that the child remain in the temporary custody of the Cuyahoga agency while the Huron agency was ordered to provide intensive protective supervision.
 {¶ 3} On June 4, 2002, the Cuyahoga agency filed a motion to transfer the case from the juvenile court in Huron County to the juvenile court in Cuyahoga County. In its motion, the Cuyahoga agency argued that per R.C. 2151.06, a child has the same legal residence or legal settlement as his parents, legal guardian of his person or his custodian who stands in the relation of loco parentis; that the Cuyahoga agency held emergency temporary custody of this child pursuant to an order of the juvenile court in Cuyahoga County; and, thus, this child's residence was in Cuyahoga County at the time the complaint was filed in Huron County. The GAL and counsel for the child each filed a memorandum in opposition. At a hearing on June 14, 2002, the trial court denied the motion and ordered that the child remain in the temporary custody of the Cuyahoga agency with intensive protective supervision provided by the Huron agency.
 {¶ 4} On June 28, 2002, an uncontested adjudicatory hearing was held before a magistrate. The magistrate found that the child was abused as alleged in the complaint. The Cuyahoga agency orally renewed its motion to transfer. The magistrate ordered that the child remain in the temporary custody of the Cuyahoga agency with intensive protective supervision provided by the Huron agency. The magistrate's decision was filed on July 8, 2002. The Cuyahoga agency timely filed objections.
 {¶ 5} The trial court held a disposition hearing on July 17, 2002. In a July 25, 2002 judgment entry, the trial court denied the objections to the magistrate's decision filed by the Cuyahoga agency; denied the motion to transfer to the juvenile court in Cuyahoga County; and ordered that the child remain in the temporary custody of the Cuyahoga agency with intensive protective supervision provided by the Huron agency. The Cuyahoga agency filed a timely notice of appeal and asserts the following assignment of error:
 {¶ 6} "The trial court erred in issuing orders on June 14, 2002, and journalized on June 17, 2002, as amended on July 2, 2002, and on July 17, 2002, and journalized on July 25, 2002, denying the motion of the Cuyahoga County Department of Children and Family Services to transfer the case from the Huron County Juvenile Court to the Cuyahoga County Juvenile Court prior to the adjudicatory hearing in contravention of the clear and mandatory requirements R.C. 2151.271 and Juv.R. 11(B)."
 {¶ 7} In this assignment of error, the Cuyahoga agency argues that the juvenile court in Huron county erred in not transferring this case to the juvenile court in Cuyahoga county. This court finds merit in this assignment of error.
 {¶ 8} R.C. 2151.271 and Juv.R. 11(B) form the basis for the assignment of error. R.C. 2151.271 provides, in part,
 {¶ 9} "Except in a case in which the child is alleged to be a serious youthful offender under section 2152.13 of the Revised Code, if the child resides in a county of the state and the proceeding is commenced in a juvenile court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or disposition hearing, for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes. The proceeding shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's residence."
 {¶ 10} Juv.R. 11(B) provides: "The proceedings, other than a removal action, shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's residence." R.C. 2151.06 provides that "* * * a child has the same residence or legal settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis." Thus, pursuant to the grant of custody to the Cuyahoga agency on November 5, 2001, the child's residence was in Cuyahoga county. See, Ackerman v.Lucas Cty Children Services Bd. (1989), 49 Ohio App.3d 14, 16.
 {¶ 11} Although other sections of Juv.R. 11 and R.C. 2151.271
indicate that venue is generally a matter of the court's discretion, Juv.R. 11(B) makes a change of venue mandatory if other proceedings are pending in the juvenile court of the county where the child legally resides. As the proceedings in Cuyahoga county were instituted on October 31, 2001, clearly proceedings were pending[1] in Cuyahoga county.
 {¶ 12} The Huron agency argues that given the length of time that the child's case had been pending in Cuyahoga county without the completion of an adjudicatory hearing, that Cuyahoga county had lost jurisdiction. However, in In the Matter of: Bailey D. (April 17, 1998), 6th Dist. No. L-96-363, this court noted "that the failure to comply with the sixty day time limit for holding an adjudicatory hearing does not deprive the juvenile court of the right to enter an adjudication. See R.C. 2151.28(K). Likewise, a failure to hold a dispositional hearing within ninety days of the filing of a complaint does not divest the court of the jurisdiction to enter dispositional orders. (Citation omitted.)" Thus, as proceedings were pending in the child's home county, transfer was mandatory.
 {¶ 13} Accordingly, appellant's single assignment of error is found well-taken.
 {¶ 14} On consideration whereof, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the court costs.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.
[1] Pending is defined as "Begun, but not yet completed; during; before the conclusion of; prior to the completion of; * * * Thus an action or suit is `pending' from its inception until the rendition of final judgment." Black's Law Dictionary (5 Ed. 1979) 1021.