**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Z.R.,* Slip Opinion No. 2015-Ohio-3306.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3306

IN RE Z.R.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Z.R.,* Slip Opinion No. 2015-Ohio-3306.]**

*Juvenile courts—Procedure—The venue directives contained in R.C. 2151.27(A)(1) are not jurisdictional requirements—Improper venue does not deprive juvenile court of jurisdiction—Juvenile court did not err when it denied motion to dismiss for improper venue and instead determined that transfer was the appropriate measure.*

(No. 2014-0277—Submitted March 24, 2015—Decided August 20, 2015.)

APPEAL from the Court of Appeals for Summit County,

No. 26860, 2014-Ohio-182.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we address whether the failure to establish proper venue in a child-dependency complaint requires a juvenile court to dismiss the complaint due to lack of jurisdiction.  We hold that the statute and rule governing

venue do not control the jurisdiction of a juvenile court and that a dismissal for improper venue therefore cannot be entered on jurisdictional grounds.

## RELEVANT BACKGROUND

{¶ 2} L.R. is the biological mother of six children, including Z.R., her youngest child. L.R.'s five older children were removed from her custody and were adjudicated dependent and neglected on February 10, 2012, in the Summit County Juvenile Court due to L.R.'s failure to provide adequate housing, food, and clothing.

{¶ 3} There is no evidence that L.R. has ever followed the case plan established by Summit County Children Services ("SCCS") to rectify the conditions that led to the children's removal and subsequent adjudication as dependent and neglected. In fact, none of the objectives established in the case plan for L.R.'s five older children were achieved. There is no evidence that L.R. has regained custody of any of her children.

{¶ 4} Between the winter of 2011 and August 2012, L.R. reported numerous addresses to SCCS. SCCS was unable to verify any of those addresses. According to SCCS, L.R.'s last known verified address was in Summit County, but the agency believed that L.R. had been evicted from that residence. The final entry in the siblings' consolidated cases prior to the initiation of Z.R.'s case was on August 7, 2012. At that point, L.R.'s place of residence was unknown. But by the time of Z.R.'s birth, L.R. was reportedly staying with family members in Cleveland.

{¶ 5} On August 23, 2012, L.R. gave birth to Z.R. at University Hospitals of Cleveland, in Cuyahoga County. L.R. had been evasive with SCCS about the due date for Z.R.'s birth and her intended permanent residence, and the hospital had already received a request by SCCS to be notified in the event that L.R. gave birth at that location. On August 24, 2012, the hospital submitted a referral to SCCS concerning Z.R.

**{¶ 6}** On the same day, SCCS filed a complaint in Summit County Juvenile Court alleging that Z.R. was a dependent child due to the ongoing, open cases involving L.R.'s other children and the fact that L.R. had not taken any steps to address the issues that had led to the dependency and neglect adjudications of her other children. L.R. filed a combined motion to transfer the cases of Z.R.'s siblings to Cuyahoga County and to dismiss the complaint regarding Z.R. for lack of jurisdiction. L.R. argued that because Z.R. was born in Cuyahoga County and had no connections to Summit County, the Summit County Juvenile Court did not have jurisdiction to entertain SCCS's dependency complaint.

**{¶ 7}** On December 6, 2012, the Summit County Juvenile Court found Z.R. to be a dependent child pursuant to R.C. 2151.04(C) and (D). With regard to the motion to dismiss, the Summit County Juvenile Court ordered Z.R.'s case to be transferred to Cuyahoga County Juvenile Court.

**{¶ 8}** L.R. objected to the Summit County Juvenile Court's adjudication, arguing in part that venue was improper due to Z.R.'s lack of contacts with Summit County. The Summit County Juvenile Court overruled L.R.'s objection. The court noted that the prior attempt to transfer Z.R.'s case had been rejected by the Cuyahoga County Juvenile Court, and it ordered that a second attempt to transfer the case would be made once L.R. verified her residency in Cuyahoga County.

**{¶ 9}** L.R. appealed the juvenile court's adjudication of dependency to the Ninth District Court of Appeals, raising six assignments of error. The appellate court sustained L.R.'s first assignment of error, which asserted that the trial court erred by failing to dismiss the complaint when it was filed in an improper venue.

**{¶ 10}** The appellate court looked to Juv.R. 10 and R.C. 2151.27, which provide that a dependency complaint may be filed in the county where the child resides or where the dependency occurred. The court agreed with L.R.'s

contention that Z.R.'s residence and alleged dependency occurred solely in Cuyahoga County, and it held that SCCS had failed to establish proper venue in the Summit County Juvenile Court.

{¶ 11} The appellate court then reasoned that a complaint that fails to comply with the venue requirements of Juv.R. 10 and R.C. 2151.27 must be dismissed upon a timely motion. It acknowledged that the Summit County Juvenile Court had jurisdiction over the subject matter of the case, but it maintained that improper venue nevertheless defeated SCCS's ability to invoke the jurisdiction of the court over that particular case. Accordingly, the appellate court reversed the Summit County Juvenile Court's decision based upon L.R.'s first assignment of error. The appellate court held that L.R.'s remaining assignments of error were moot and declined to address them.

{¶ 12} We accepted SCCS's discretionary appeal, which asked us to address whether proper venue for a dependency complaint can be based upon the location of prior acts involving the allegedly dependent child's siblings and whether a juvenile court is required to dismiss a dependency complaint on jurisdictional grounds because of improper venue. *See* 139 Ohio St.3d 1403, 2014-Ohio-2245, 9 N.E.3d 1062.

## ANALYSIS

{¶ 13} The second issue—whether a juvenile court must dismiss a dependency complaint due to improper venue—is dispositive of this case. Assuming arguendo that the Summit County Juvenile Court was an improper venue for filing the complaint in this case, we hold that dismissal of the complaint was not required. Therefore, we do not reach the issue of whether venue was proper in this case.

{¶ 14} Ohio's juvenile courts are statutory courts, created by the General Assembly. R.C. Chapter 2151; *State v. Wilson*, 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995). As a statutory court, the juvenile court has limited jurisdiction, and it

4

can exercise only the authority conferred upon it by the General Assembly. *See State ex rel. Ramey v. Davis*, 119 Ohio St. 596, 165 N.E. 298 (1929), paragraph four of the syllabus.

{¶ 15} Ohio's Juvenile Rules, created by this court pursuant to Section 5, Article IV of the Ohio Constitution, were fashioned to ensure a uniform procedure for juvenile courts. *Linger v. Weiss*, 57 Ohio St.2d 97, 100, 386 N.E.2d 1354 (1979). It is well understood that the substantive and procedural rules that are applicable in the unique context of juvenile court proceedings are quite different from those applicable during criminal or civil proceedings in courts of general jurisdiction. *See In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 65-67; *In re T.R.*, 52 Ohio St.3d 6, 15, 556 N.E.2d 439 (1990). But it does not follow that the limited subject-matter jurisdiction and unique nature of juvenile courts, in and of themselves, transform the Juvenile Rules and statutory directives into jurisdictional requirements.

{¶ 16} It is undisputed that all Ohio juvenile courts have subject-matter jurisdiction over dependency cases. R.C. 2151.23(A)(1) provides that a juvenile court has "exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a * * * dependent child." It is not possible for this statutory grant of jurisdiction to be limited by the Juvenile Rules. *Linger* at 100, quoting Juv.R. 44 (" '[t]hese rules shall not be construed to extend or limit the jurisdiction of the juvenile court' "). Moreover, jurisdiction and venue are distinct legal concepts. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 53, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. Venue is a "procedural matter," and it refers not to the power to hear a case but to the geographic location where a given case should be heard. *Morrison* at 87-88.

{¶ 17} Although, as a general matter, the nature of the juvenile courts does not transform venue into a jurisdictional prerequisite, it is still possible for the

General Assembly to restrict any court's jurisdiction over a particular case based on a procedural requirement such as venue. *See, e.g.*, *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 19 (discussing the ways in which mandatory statutory requirements may require compliance in order to invoke the jurisdiction of a court). This court is not wont to construe procedural provisions as jurisdictional barriers unless they are "clearly statutorily or constitutionally mandated." *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980). Instead, if a procedural provision is more reasonably construed as directory rather than mandatory, a failure to comply with the provision will not preclude a court's jurisdiction over the case. *In re Davis*, 84 Ohio St.3d 520, 523, 705 N.E.2d 1219 (1999). Consequently, we must determine whether the venue provisions contained in R.C. 2151.27 were put in place by the General Assembly as requirements that must be met in order to invoke the jurisdiction of a juvenile court.

{¶ 18} The pertinent portion of R.C. 2151.27 provides:

[A]ny person having knowledge of a child who appears to * * * be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the violation, unruliness, abuse, neglect, or dependency allegedly occurred. * * * The sworn complaint may be upon information and belief, and, in addition to the allegation that the child * * * is an unruly, abused, neglected, or dependent child, the complaint shall allege the particular facts upon which the allegation that the child * * * is an unruly, abused, neglected, or dependent child is based.

6

R.C. 2151.27(A)(1).

{¶ 19} To determine the import of R.C. 2151.27, we must consider the statute in context. *See In re C.T.*, 119 Ohio St.3d 494, 2008-Ohio-4570, 895 N.E.2d 527, ¶ 12. The body of laws governing the same subject must be read in pari materia. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, ¶ 7. We therefore turn to the statutory scheme governing juvenile courts to decide the question before us.

{¶ 20} The General Assembly has made clear that the central purpose of the juvenile court system is "[t]o provide for the care, protection, and mental and physical development of children." R.C. 2151.01(A); *see also Children's Home of Marion Cty. v. Fetter*, 90 Ohio St. 110, 127, 106 N.E. 761 (1914) (recognizing over a century ago that the legislature established the juvenile courts "in order to protect children"); *In re T.R.*, 52 Ohio St.3d at 15, 556 N.E.2d 439 ("The mission of the juvenile court is to act as an insurer of the welfare of children and a provider of social and rehabilitative services").

{¶ 21} The General Assembly has also made clear that the laws governing the administration of the juvenile courts must be "liberally interpreted and construed" to effectuate the above purposes. R.C. 2151.01. In application, the goals of protecting and caring for children, in conjunction with the requirement of statutory flexibility in promoting those goals, result in proceedings that are less formal and less adversarial than in courts of general jurisdiction. *See In re T.R.* at 15. Not surprisingly then, juvenile courts must prioritize substance over form.

{¶ 22} R.C. 2151.27(A)(1) provides that any person *may* file a complaint alleging that a child is dependent "in the juvenile court of the county in which the child has a residence or legal settlement *or* in which the * * * dependency allegedly occurred." (Emphasis added.) *See also* Juv.R. 10(A). But R.C. 2151.27 and Juv. R. 10(A) do not contain any language suggesting that a court *must* dismiss a dependency complaint filed in a county that does not meet either

7

of these two criteria. Even R.C. 2151.27(D), a catchall provision providing that complaints for any other matter not addressed in the statute and over which the court has jurisdiction "*shall* be filed in the county in which the child who is the subject of the complaint is found or was last known to be found," does not expressly require dismissal of a complaint filed in some other venue. (Emphasis added.)

**{¶ 23}** The only place the prospect of dismissing a complaint explicitly appears in R.C. 2151.27 is in subsection (F), which governs consideration of a complaint alleging that a child is an unruly child. R.C. 2151.27(F). Even there, the statute provides only that "the court *may* dismiss the complaint" if the child completes a diversion program. (Emphasis added.) *Id*. Given that dismissal is expressly contemplated elsewhere in R.C. 2151.27, the failure to couch the venue provisions of subsection (A)(1) in mandatory terms or to mention dismissal in that subsection strongly indicates that venue is not a jurisdictional requirement in the context of a dependency complaint.

**{¶ 24}** Venue defects in juvenile court proceedings are generally corrected using Juv.R. 11, which governs the transfer of cases to another county. *See, e.g.*, *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305, 943 N.E.2d 1055, ¶ 21 (11th Dist.). Juv.R. 11 addresses two scenarios. First, when a juvenile court proceeding is commenced in a county outside a child's county of residence, the juvenile court *may* transfer the proceeding to the child's county of residence "upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required." Juv.R. 11(A). Second, when a juvenile court proceeding is commenced in a county outside a child's county of residence and "other proceedings involving the child are pending in the juvenile court of the county of the child's residence," the juvenile court *must* transfer the proceedings. Juv.R. 11(B).

**{¶ 25}** Notably, dismissal is not provided as an option under any scenario within Juv.R. 11. A number of lower courts have acknowledged this important and apparently intentional omission from Juv.R. 11. *See Witt v. Walker*, 2d Dist. Clark No. 2012-CA-58, 2013-Ohio-714, ¶ 38, citing *In re W.W.* at ¶ 21. Instead, the decision to transfer venue is generally within the juvenile court's broad discretion. *In re S.M.*, 4th Dist. Lawrence No. 09CA5, 2009-Ohio-3118, ¶ 25; *In re McLean*, 11th Dist. Trumbull No. 2005-T-0018, 2005-Ohio-2576, ¶ 25; *In re Meyer*, 98 Ohio App.3d 189, 192-193, 648 N.E.2d 52 (3rd Dist.1994); *Ackerman v. Lucas Cty. Children Services Bd.*, 49 Ohio App.3d 14, 15, 550 N.E.2d 549 (6th Dist.1989).

**{¶ 26}** It is clear from the foregoing statutes and rules governing the administration of Ohio's juvenile courts that the venue provisions included in R.C. 2151.27 and reflected in Juv.R. 10 are directory rather than mandatory. *See In re Davis*, 84 Ohio St.3d at 523, 705 N.E.2d 1219. Thus, the failure to satisfy the venue provisions of R.C. 2151.27(A)(1) in a dependency complaint would not remove a juvenile court's jurisdiction over the case, and dismissal would not be proper on those grounds.

**{¶ 27}** Our conclusion is consistent with the general practice of ensuring wide discretion for juvenile courts. *See In re T.W.*, 2012-Ohio-2843, 972 N.E.2d 1136, ¶ 12 (3d Dist.) ("Whether a proceeding should be dismissed or reach the merits is within the sound discretion of the trial judge"). Requiring juvenile courts to dismiss complaints filed in an improper venue is inconsistent with the latitude typically granted to those courts and with the General Assembly's intention in creating juvenile courts. *See* R.C. 2151.01(A); *Children's Home of Marion Cty.*, 90 Ohio St. at 127, 106 N.E. 761.

**{¶ 28}** Moreover, strong public-policy reasons support our holding. If we were to hold that dismissal is required for venue defects in a dependency complaint, we might foster attempts by some parents to avoid oversight by

deliberately moving their abused, neglected, or dependent children from one county to another in order to avoid adjudication, and we would ignore the reality that families often have to move from one county to another to secure housing or employment, or for other legitimate reasons. Failure to recognize and allow for the sometimes transient patterns of people involved with our state's children services bureaus cannot be the result the General Assembly intended for R.C. 2151.27(A)(1), as it would directly undermine the juvenile court system's ability to protect children.

{¶ 29} In the context of R.C. Chapter 2151 as a whole, as well as the purposes behind the creation of the juvenile court system, we conclude that the venue directives contained in R.C. 2151.27(A)(1) are not jurisdictional requirements and that it is within a juvenile court's sound discretion to remedy an alleged venue defect by transferring a case to a proper venue.

{¶ 30} In this case, L.R. moved to dismiss SCCS's dependency complaint regarding Z.R. solely on the grounds that the complaint failed to invoke the jurisdiction of the Summit County Juvenile Court. The motion to dismiss, which was combined with a motion to transfer the cases of Z.R.'s siblings to the Cuyahoga County Juvenile Court, in no way asserted that the transfer of Z.R.'s case to Cuyahoga County would constitute an abuse of discretion. Irrespective of the allegedly improper venue, the Summit County Juvenile Court did not err when it denied L.R.'s motion to dismiss SCCS's dependency complaint for lack of jurisdiction and instead determined that the appropriate measure would be to transfer Z.R.'s case to a proper venue.

## CONCLUSION

{¶ 31} For the foregoing reasons, we reverse the decision of the Ninth District Court of Appeals and remand the cause to the appellate court to address L.R.'s five remaining assignments of error.

Judgment reversed

and cause remanded.

PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellant.

Denise E. Ferguson, for appellee.

————————————