[Cite as *In re H.E.C.*, 2022-Ohio-1989.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| H.E.C., et al. | : | CASE NOS. CA2021-11-108 |
| | | CA2021-11-109 |
| | : | |
| | : | O P I N I O N |
| | | 6/13/2022 |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 16-C000124; 16-C000125; 19-C000250; 19-C000251

Michael J. Davis, for appellant.

Grandmother, pro se.

**S. POWELL, J.**

{¶ 1}  Appellant ("Father") appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, ordering him to pay $300 in monthly child support to appellee ("Grandmother") for the time his two children, H.J.C. and H.E.C., were in Grandmother's temporary custody between November 20, 2019 and August 4, 2020.  For the reasons outlined below, we reverse the juvenile court's decision and remand this matter for further proceedings.

**The Parties**

{¶ 2} Father is the biological father of two children: H.J.C., a girl, born on September 17, 2009, and H.E.C., a boy, born on June 19, 2013. Grandmother is the children's maternal grandmother. Father is a military veteran who does not work and instead receives monthly disability benefits. Grandmother appears in this appeal pro se. H.J.C. and H.E.C.'s biological mother ("Mother") is not a party to this appeal. Father and Mother were married on July 3, 2008 and later divorced on September 11, 2019.

**Facts and Procedural History**

{¶ 3} The facts and procedural history underlying this case are confusing and generally immaterial to this appeal. Suffice it to say, on April 9, 2021, Grandmother filed a motion requesting the juvenile court issue an order requiring Father pay her child support for the time that H.J.C. and H.E.C. were in her temporary custody between November 20, 2019 and August 4, 2020. After holding a hearing on the matter, a juvenile court magistrate issued a decision recommending the juvenile court grant Grandmother's motion. In so holding, the magistrate stated:

> The Court believes it is proper and in the best interest of the minor children for a temporary custodian to be entitled to child support even if they have withdrawn their request for legal custody. There is no dispute the minor Children were in the care of [Grandmother] from November 20, 2019 to August 4, 2020. It is within the Court's discretion to award retroactive child support at the conclusion of a custody trial.

The juvenile court magistrate, therefore, recommended the juvenile court order Father pay $300 in monthly child support to Grandmother "until this arrearage only order is paid in full."

{¶ 4} On June 30, 2021, Father filed an objection to the magistrate's decision arguing the magistrate erred by recommending an order be issued requiring him to pay child support to Grandmother for the time that H.J.C. and H.E.C. were in Grandmother's

temporary custody. The juvenile court disagreed and, on October 20, 2021, issued a decision overruling Father's objection. In so holding, the juvenile court stated:

> R.C. 2151.231 bestows a right to [Grandmother], as the children's custodian, to request child support for the time period [H.J.C. and H.E.C.] were in her care and custody. [Grandmother] has standing to request the child support pursuant to R.C. 2151.231 as the children's former caretaker.

{¶ 5} The juvenile court also stated:

> [N]othing in [R.C. 2151.231] or controlling case law prevents a former custodian from requesting a retroactive establishment of child support. [Grandmother] volunteered her home, her support, and her protection over these children when their parents were unable to do so. [Grandmother] is asking, in return, for Father to assist with the financial responsibility that comes with raising young children. Fairness and equity allow [Grandmother] to request and obtain the financial support from Father that she is otherwise entitled.

{¶ 6} Father now appeals from the juvenile court's decision ordering him to pay child support to Grandmother, raising two assignments of error for review. For ease of discussion, and because both of Father's two assignments of error raise the same basic challenge to the juvenile court's decision, Father's two assignments of error will be addressed together.

**Father's Appeal and Two Assignments of Error**

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED AS A MATTER OF LAW AND AS A MATTER [OF] FACT IN FINDING THAT IT HAD JURISDICTION AND AUTHORITY TO ISSUE A CHILD SUPPORT ORDER WHEREIN THE MATERNAL GRANDMOTHER HAD DISMISSED HER PETITION/COMPLAINT FOR CUSTODY AND WAS NO LONGER A PARTY TO THE CASE.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW AND AS A MATTER [OF] FACT IN MODIFYING THE EXISTING CHILD SUPPORT OBLIGATION AND ORDERING RETROACTIVE CHILD SUPPORT.

{¶ 11} In his two assignments of error, Father argues the juvenile court erred by ordering him to pay $300 in monthly child support to Grandmother for the time that H.J.C and H.E.C. were in Grandmother's temporary custody between November 20, 2019 and August 4, 2020. We agree.

{¶ 12} "Ohio's juvenile courts are statutory courts, created by the General Assembly." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 14. Because of this, "[j]uvenile courts are courts of limited jurisdiction whose powers are created solely by statute." *In re S.M.*, 12th Dist. Madison No. CA2009-02-008, 2009-Ohio-4677, ¶ 14, citing *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, ¶ 25; *see also In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588, ¶ 10 ("juvenile courts are creatures of statute with limited jurisdiction set by the General Assembly"). Therefore, as creatures of statute with limited jurisdiction, juvenile courts in Ohio have "little, if any, inherent power." *In re A.A.C.W.*, 10th Dist. Franklin Nos. 13AP-618 and 13AP-714, 2014-Ohio-2903, ¶ 11.

{¶ 13} R.C. 2151.231 is one of the statutes that sets forth the limited power bestowed upon an Ohio juvenile court by the Ohio General Assembly. Pursuant to that statute:

> The parent, guardian, or custodian of a child, the person with whom a child resides, or the child support enforcement agency of the county in which the child, parent, guardian, or custodian of the child resides may bring an action in a juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code under this section requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the child's parents.

{¶ 14} There is nothing ambiguous about the wording of this statute. The plain

language found in R.C. 2151.231 permits only the custodian of a child with whom a child *resides* to bring an action in a juvenile court, or other court with jurisdiction under R.C. 2101.022 or 2301.03, for an order requiring a parent of the child to pay an amount for the support of the child. The term "resides" is written in the present tense and is defined to mean a person or thing having "a settled abode for a time" or having "an abiding place." Webster's Third New International Dictionary 1931 (1993). The term "resides" is also defined to mean "to dwell permanently or continuously." *Id.* Therefore, for the plain language of R.C. 2151.231 to apply, the child at issue must then be *residing* with his or her custodian for the custodian with whom the child *resides* to bring an action in the juvenile court requesting the juvenile court issue an order requiring a parent of the child to pay an amount for the support of the child.

{¶ 15} This would be vastly different had the General Assembly used the past tense "resided" rather than the present tense "resides."[1] The same would be true had the General Assembly provided for both the present tense and the past tense by using the phrase "with whom a child resides, or has resided…" Alas, that is not what R.C. 2151.231 plainly states. This court cannot add or delete words from a statute. *State ex rel. Brinda v. Lorain Cty. Brd. of Elections*, 115 Ohio St.3d 299, 2007-Ohio-5228, ¶ 24 ("[b]ut we cannot add words to the statute"); *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, ¶ 29 (courts cannot add words to or delete words from statutes). Both the juvenile court, and this court, must instead apply the law as written. *In re A.J.*, 12th Dist. Clermont No. CA2018-08-063, 2019-Ohio-593, ¶ 37 ("both the juvenile court and this court alike are bound to apply the law as written"). This includes the plain language set forth in

---

1. We note that, pursuant to R.C. 1.43(C), the General Assembly specifically stated that "[w]ords in the present tense include the future." The Generally Assembly did not state, however, that words in the present tense should also include the past tense.

R.C. 2151.231.

{¶ 16} In this case, Grandmother filed a motion on April 9, 2021 requesting the juvenile court issue an order requiring Father to pay her child support for the time that H.J.C. and H.E.C. were in her temporary custody between November 20, 2019 and August 4, 2020. The record is clear that neither H.J.C. nor H.E.C. were then *residing* with Grandmother on April 9, 2021 and, in fact, had not *resided* with Grandmother for over eight months, since August 4, 2020. Therefore, because the plain language of R.C. 2151.231 permits only the custodian of a child with whom a child *resides* to file a motion requesting a juvenile court issue an order requiring a parent of the child to pay child support, and because neither H.J.C. nor H.E.C. were then *residing* with Grandmother when she filed her motion, the juvenile court erred by issuing an order requiring Father to pay $300 in monthly child support to Grandmother for the time his two children, H.J.C. and H.E.C., were in Grandmother's temporary custody between November 20, 2019 and August 4, 2020. Grandmother's claim otherwise lacks merit.

{¶ 17} In so holding, we note our agreement with the juvenile court's general sentiments that Father contributing financially to Grandmother for her volunteering her home, her support, and her protection over H.J.C. and H.E.C. during the time when neither Father nor Mother were able to do so would be the just and right thing for Father to do. The record indicates Mother already has. However, as written, the plain language of R.C. 2151.231 does not provide the juvenile court with the power to issue an order *requiring* Father to do so. This is because, as explained more fully above, the plain language of R.C. 2151.231 permits only the custodian of a child with whom a child *resides* to file a motion requesting the juvenile court issue an order requiring a parent of the child to pay child support. "This court cannot award to juvenile courts by judicial fiat that which was not

endowed by statute." *In re Hartman*, 2 Ohio St.3d 154, 157 (1983). Therefore, finding merit to the arguments raised by Father in support of his two assignments of error, Father's two assignments of error have merit and are sustained.

{¶ 18} Judgment reversed and remanded.

M. POWELL, P.J., and HENDRICKSON, J., concur.