[Cite as *In re H. D. G.*, 2023-Ohio-422.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                       |                          |
|-----------------------|--------------------------|
|                       | JUDGES:                  |
|                       | Hon. John W. Wise, P.J.  |
| IN THE MATTER OF:     | Hon. Patricia A. Delaney, J. |
|                       | Hon. Craig R. Baldwin, J. |
|                       |                          |
| H. D. G.              | Case No. 2022 AP 08 0022 |
|                       |                          |
|                       | O P I N I O N            |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2022CC00101 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 10, 2023 |


APPEARANCES:

| For Appellees | For Appellant |
|---|---|
| NO APPEARANCE | GWENDOLYN STARDA |
| | 148 East Liberty Street, Suite 224 |
| | Wooster, Ohio  44691 |

*Wise, P. J.*

{¶ 1}   Plaintiff-Appellant J.G.G.G. appeals the July 7, 2022 judgment of the Tuscarawas County Court of Common Pleas Juvenile Division denying his complaint for legal custody of his nephew H.D.G. Defendant-Appellees are the parents of H.D.G.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 28, 2021, H.D.G. entered the United States at the Texas-Mexico border from Honduras. H.D.G. came to the United States as an unaccompanied minor. The Department of Homeland Security served H.D.G. with a Notice to Appear for removal proceedings on March 1, 2023. In the meantime, on November 11, 2021, H.D.G. was resettled in Strasburg, Ohio with Appellant as his sponsor.

{¶ 3}   On May 19, 2022, Appellant filed a complaint for legal custody of H.D.G. Appellant's complaint alleged H.D.G. was 17-years old, that the whereabouts of his father were unknown, and that his mother, who was still living in Honduras, demonstrated no interest in nor ability to support H.D.G. Appellant argued H.D.G. should be presumed abandoned as his parents had attempted no contact with him in more than 90 days. Appellant also alleged it would be in H.D.G.'s best interest to remain in the United States as Honduras is dangerous and violent. Appellant stated he was able to provide for H.D.G.'s care and education, and that H.D.G. required a guardian in order to remain enrolled in school and to receive medical attention if necessary.

{¶ 4}   Mother waived service and service for father was by publication.

{¶ 5}   A hearing was held on the matter on June 27, 2022, one week before H.D.G.'s 18th birthday. Appellant was the only witness. Appellant testified he has lived in the United States for 15 years, is employed, and had been caring for H.D.G. since

November 11, 2021. Appellant stated H.D.G was enrolled in school, was in the 9th grade, and would turn 18 one week after the hearing. Under questioning by the court, Appellant stated he is not a legal resident of the United States.

{¶ 6}   Counsel for Appellant argued Appellant's immigration status is not a statutory factor for custody in Ohio. Counsel further argued that even though H.D.G. would be 18 a week later he still needed a legal custodian as he was still in high school, would need a legal custodian until he finished high school, and would be unable to apply for financial aid for college unless he had a legal custodian.

{¶ 7}   On July 7, 2022, the trial court denied Appellant's complaint for custody. The court found H.D.G. was 18-years old, Appellant was a foreign-born person who did not have a legal right to remain in the United States, H.D.G. was not abandoned, neglected, or abused, and it was not in H.D.G.'s best interest to be placed with Appellant.

{¶ 8}   Appellant timely filed an appeal, and the matter is now before this Court for consideration. He raises three assignments of error as follow:

I

{¶ 9}   "THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND FACT AND VIOLATED THE APPELLANT'S AND CHILD'S DUE PROCESS AND CIVIL RIGHTS BY DENYING THE COMPLAINT BASED ON NATIONAL ORIGIN AND IMMIGRATION STATUS.

II

{¶ 10} "THE TRIAL COURT VIOLATED DUE PROCESS BY DENYING THE COMPLAINT BECAUSE THE CHILD WAS NEAR THE AGE OF MAJORITY.

III

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND FACT AND WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN FINDING THAT THE CHILD WAS NOT ABUSED, NEGLECTED OR ABANDONED."

II

{¶ 12} We address Appellant's second assignment of error as it is dipositive of this matter. In his second assignment of error, Appellant argues the trial court violated his due process rights by denying his complaint for custody because H.D.G. was near the age of majority. We disagree.

{¶ 13} "Ohio's juvenile courts are statutory courts, created by the General Assembly. R.C. Chapter 2151; *State v. Wilson*, 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995). As a statutory court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 14, 16, citing *State ex rel. Ramey v. Davis*, 119 Ohio St. 596, 165 N.E. 298 (1929), paragraph four of the syllabus.

{¶ 14}  R.C. 2151.11(6) provides:

"Child" means a person who is under eighteen years of age, except that the juvenile court has jurisdiction over any person who is adjudicated an unruly child prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related

to that adjudication, a person who is so adjudicated an unruly child shall be deemed a "child" until the person attains twenty-one years of age.

{¶ 15} R.C. 2151.23 provides in relevant part:

(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:

(1) Concerning any child who on or about the date specified in the complaint, indictment, or information is alleged to have violated section 2151.87 [prohibitions related to tobacco products] of the Revised Code or an order issued under that section or to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child and, based on and in relation to the allegation pertaining to the child, concerning the parent, guardian, or other person having care of a child who is alleged to be an unruly child for being an habitual truant or who is alleged to be a delinquent child for violating a court order regarding the child's prior adjudication as an unruly child for being an habitual truant.

{¶ 16} At the hearing on this matter, H.D.G. was just one week shy of his 18th birthday. By the time the court ruled on the matter, H.D.G. was an adult. The court could not, therefore, find H.D.G. was an abandoned, neglected, or abused child.

{¶ 17} The second assignment of error is overruled.

I, III

{¶ 18} In his first assignment of error, Appellant argues the trial court rendered its decision in violation of his due process and civil rights by denying the complaint based on national origin and immigration status. In his third assignment of error, Appellant argues the trial court's finding that H.D.G. was not an abandoned, neglected, or abused child was against the manifest weight of the evidence.

{¶ 19} Given our resolution of Appellant's second assignment of error, his first and third assignments of error are moot.

{¶ 20} The judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/rw 0130