[Cite as *In re G.R.B.*, 2025-Ohio-556.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


IN RE: G.R.B.                  :        APPEAL NO.    C-240282
                                           TRIAL NO.      F/24/23 Z

                                        :

                                        :                 *O P I N I O N*

                                        :


Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 21, 2025


*Hilton Parker LLC*, *Jonathan L. Hilton* and *Geoffrey C. Parker*, for Appellant-Father,

*Moskowitz & Moskowitz, James H. Moskowitz* and *Scott Greenwood*, for Appellee-Mother.

**ZAYAS, Judge.**

**{¶1}** This custody appeal presents a question of the applicability of Juv.R. 11(B) to proceedings initiated in Hamilton County. Below, the juvenile court determined that the cause must be transferred to the Lucas County Juvenile Court after finding that a custody action was pending in Lucas County, Ohio, where mother now resides. However, we hold that it is the circumstances that exist at the time that the complaint is filed that govern whether a transfer is mandatory under this provision. Consequently, because the Lucas County action was not pending at the time that father filed his complaint in the instant case, we reverse the judgment of the juvenile court and remand the cause for further proceedings consistent with this opinion and the law.

## I. *Factual and Procedural History*

**{¶2}** On January 3, 2024, father filed a complaint for custody of G.R.B. in the Hamilton County Juvenile Court. The complaint alleged that he and mother had lived together "as a family unit" with G.R.B. since G.R.B.'s birth in December 2022. However, mother "abruptly" moved to Toledo on December 22, 2023, where she now resides with G.R.B.

**{¶3}** In response, mother filed a motion to transfer the cause to Lucas County, Ohio. Among other things, the motion argued that a transfer was mandatory under Juv.R. 11(B) as she and G.R.B. now reside in Lucas County and, since moving, she initiated an action that is "currently pending" in the Lucas County Juvenile Court.

**{¶4}** A hearing on the motion to transfer was held before the magistrate. At the hearing, the parties ultimately agreed that only oral arguments were necessary as the narrow issue before the court was whether a transfer to Lucas County was mandatory under Juv.R. 11(B). Notably, it seemed to be agreed at the hearing that

mother was not seeking a discretionary transfer under Juv.R. 11(A). Consequently, the parties did not present any evidence at the hearing, despite being ready to do so, as the magistrate identified the sole issue as whether the court was legally required to transfer the cause under Juv.R. 11(B).

{¶5} Ultimately, the magistrate entered an order granting the motion to transfer the matter to Lucas County. The magistrate first found that the parties admitted that there was an action currently pending in Lucas County, and that mother physically resided in Toledo at the time of filing and resides there currently. The magistrate then identified the only issue as "where the child resides." Under R.C. 2151.06, the magistrate found that G.R.B. solely resides in Toledo with mother as she is the sole residential parent and legal guardian of the child under R.C. 3109.042(A).

{¶6} Father moved to set aside the magistrate's order, arguing—among other things—that the magistrate erred by holding that mother's "later-filed rival lawsuit" required transfer as the Lucas County action was not pending when his complaint was filed. After oral arguments by the parties, the juvenile court entered a decision overruling the motion to set aside and adopting the magistrate's order as the judgment of the court. More specifically, the juvenile court found that the magistrate correctly determined that a transfer was mandatory under Juv.R. 11(B) as G.R.B. only legally resided with mother under R.C. 3109.042(A). Father now appeals.

## II. Analysis

{¶7} In a single assignment of error, father argues that the juvenile court erred in granting mother's motion for a mandatory transfer under Juv.R. 11(B).

### A. Standard of Review

{¶8} Whether to transfer venue is usually a question within the juvenile court's broad discretion. *In re H.D.*, 2023-Ohio-1849, ¶ 15 (12th Dist.), citing *In re*

*Z.R.*, 2015-Ohio-3306, ¶ 25. However, where, like here, the appeal involves interpretation of the juvenile rules of procedure, the proper standard of review is a mixed question of law and fact. *Id.*, citing *In re A.T.*, 2018-Ohio-5295, ¶ 34 (12th Dist.), and *In re S.M.*, 2009-Ohio-3118, ¶ 22 (4th Dist.); *accord In re A.C.*, 2024-Ohio-1327, ¶ 14 (7th Dist.). Under this standard, an appellate court decides legal issues de novo, but "defer[s] to a juvenile court's factual findings if they are supported by competent, credible evidence." *Id.*, citing *A.T.* at ¶ 34.

### B. Legal Background

**{¶9}** In relevant part, Juv.R. 10(A) provides:

Any person may file a complaint to have determined the custody of a child not a ward of another court of this state, and any person entitled to the custody of a child and unlawfully deprived of such custody may file a complaint requesting a writ of habeas corpus. Complaints concerning custody shall be filed in the county where the child is found or was last known to be.

*Accord* R.C. 2151.27(D).

**{¶10}** Juv.R. 10 is widely recognized as applying to venue, not jurisdiction, and "simply governs the county, among all Ohio counties, in which the complaint should be filed." (Citations omitted.) *Goeller v. Moore*, 2005-Ohio-292, ¶ 7 (10th Dist.). In other words, venue is a procedural matter that "'refers not to the power to hear a case but to the geographic location where a given case should be heard.'" *Southern v. Scheu*, 2018-Ohio-1440, ¶ 14 (3d Dist.), citing *In re Z.R.* at ¶ 16.

**{¶11}** The Ohio Supreme Court has held, in the context of a dependency complaint, that neither R.C. 2151.27 nor Juv.R. 10 contemplate the dismissal of a complaint where the complaint was improperly filed. *See In re Z.R.*, 2015-Ohio-3306,

4

at ¶ 16-26 (holding that the venue provisions included in R.C. 2151.27 and reflected in Juv.R. 10 are directory rather than mandatory). Rather, the Court said, "Venue defects in juvenile court proceedings are generally corrected using Juv.R. 11, which governs the transfer of cases to another county." *Id*. at ¶ 24, citing *In re W.W.*, 2010-Ohio-5305, ¶ 21 (11th Dist.).

{¶12} In relevant part, Juv.R. 11 provides:

**(A) Residence in another county; transfer optional.** If the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceedings as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes.

**(B) Proceedings in another county; transfer required.** The proceedings, other than a removal action, shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's residence.

(Emphasis sic.) *Accord* R.C. 2151.271.

{¶13} "'[A] child has the same residence or legal settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis.'" *Scheu,* 2018-Ohio-1440, at ¶ 14 (3d Dist.), quoting R.C. 2151.06.

### C. Analysis

{¶14} The juvenile court transferred the instant cause to Lucas County based

5

on a finding that a transfer was mandatory under Juv.R. 11(B) as an action was currently pending in Lucas County where mother and G.R.B. reside. Father argues, among other things, that such a finding was improper because the Lucas County action was not yet pending when he filed his complaint. We agree.

**{¶15}** In *In re B.B.*, 2012-Ohio-2695 (3d Dist.), the Defiance County Department of Job and Family Services filed a complaint for temporary custody of a child. *Id.* at ¶ 8. The mother of the child filed a motion to dismiss, alleging that Defiance County was not the proper venue as she was a resident of Paulding County at the time that the complaint was filed. *Id.* at ¶ 10. The trial court overruled the motion and proceeded to award temporary custody of the child to the agency. *Id.* at ¶ 10, 15. On appeal, mother argued, among other things, that Defiance County was not the proper venue as she was a resident of Pauling County at the time that the complaint was filed. *Id.* at ¶ 17. When considering whether a transfer was mandatory under Juv.R. 11(B), the court of appeals held that the juvenile court was "was under no obligation to transfer the case to Paulding County," as "[t]he record is clear that no case was pending in Paulding County at the time the complaint in this case was filed in Defiance County." *Id.* at ¶ 21.

**{¶16}** Similarly, in *In re A.C.*, 2024-Ohio-1327 (7th Dist.), the Mahoning County Children Services filed a dependency complaint regarding a child. *Id.* at ¶ 6. The complaint acknowledged that mother and child were residents of Trumbull County. *Id.* The Mahoning County Juvenile Court "accepted" the case and proceeded to grant permanent custody of the child to the agency. *Id.* at ¶ 7, 9. On appeal, mother argued that the juvenile court was required to transfer the case to Trumbull County under Juv.R. 11(B). *Id.* at ¶ 11. The court of appeals found that "no transfer of this matter was required by statute," where "[t]here is no evidence, or even any allegation,

6

that at the time Mahoning County exercised jurisdiction in this matter and filed its complaint, there was any matter regarding [the child] pending in any Trumball County court." *Id.* at ¶ 15.

**{¶17}** For further consideration, in *In re Don B*, 2003-Ohio-1400 (6th Dist.), the Huron County Department of Job and Family Services filed a complaint in Huron County alleging that a child was abused. *Id.* at ¶ 2. The complaint explained that the child had been placed with a foster family in Huron County while in the temporary custody of the Cuyahoga County Department of Children and Family Services. *Id.* at ¶ 2. The Cuyahoga agency filed a motion to transfer the case to Cuyahoga County. *Id.* at ¶ 3. The juvenile court denied the motion and proceeded to order that the child remain in the temporary custody of the Cuyahoga agency with intensive supervision provided by the Huron agency. *Id.* at ¶ 5. The Cuyahoga agency appealed, challenging the juvenile court's denial of the transfer. *Id.* at ¶ 7. The court of appeals reversed the juvenile court's decision on venue and held that, because the proceedings in Cuyahoga were instituted prior to the proceedings in Huron, "clearly proceedings were pending in Cuyahoga county" under Juv.R. 11(B). *Id.* at ¶ 11.

**{¶18}** Lastly, in *In re L.R.*, 2019-Ohio-1152 (9th Dist.), the Lorain County Children Services filed a complaint regarding several children. *Id.* at ¶ 3. Mother and father "maintained a transient lifestyle" and "had involvement with multiple public children services agencies." *Id.* After the adjudicatory hearing, mother and father challenged venue. *Id.* at ¶ 4. However, the cause proceeded, and the children were ultimately placed in the temporary custody of the agency. *Id.* at ¶ 7. On appeal, mother and father argued that the juvenile court erred by finding that Lorain County constituted a proper venue. *Id.* at ¶ 8. The court of appeals disagreed and held that venue was proper in Lorain County as that is the county where mother was residing at

the time that the complaint was filed. *Id.* at ¶ 15.

**{¶19}** In all these cases, it was the circumstances that existed at the time that the complaint was filed that determined the proper venue under Juv.R. 11. Here, it is undisputed that mother's action in Lucas County was not initiated until after father filed his complaint here in Hamilton County. Because no other action was pending in Lucas County at the time the complaint was filed, it cannot be said that a transfer to Lucas County was mandated under Juv.R. 11(B). Rather, any transfer would be discretionary under Juv.R. 11(A). And because the parties agree that the juvenile court did not consider a discretionary transfer under Juv.R. 11(A), we decline to address that issue for the first time here on appeal.

**{¶20}** Consequently, we sustain the assignment of error and reverse the judgment of the juvenile court as we hold that a transfer of the cause to Lucas County was not mandated under Juv.R. 11(B).

### III.    Conclusion

**{¶21}** Based on the foregoing, we must reverse the judgment of the juvenile court and remand the cause for further proceedings consistent with this opinion and the law. We decline to address the remaining issues raised in this appeal as moot.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.