[Cite as *In re J.D.L.*, 2025-Ohio-884.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

IN RE:                                      :

    J.D.L., JR., ET AL.              :           CASE NO. CA2024-08-012

                                          :           O P I N I O N
                                                              3/17/2025

                                          :

                                          :

                                          :

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case Nos. 20243020; 20243021

Eric E. Marit, Preble County Prosecuting Attorney, and Sean Brinkman, Assistant Prosecuting Attorney, for appellee.

Kirsten Knight, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant ("Mother") appeals a decision of the Preble County Court of Common Pleas, Juvenile Division, adjudicating her sons dependent.

{¶ 2} Mother and Father are the parents of two boys, J.D.L.,Jr. ("J.D.L.") and J.L. Mother and Father were never married to each other. The record indicates that the

parents shared custody of the boys but it is unclear whether this was by court order or informal agreement.

{¶ 3} On May 1, 2024, the Preble County Department of Jobs and Family Services, Children's Services Division (the "Agency"), filed a complaint alleging that 12-year-old J.D.L. and 9-year-old J.L. were dependent children. At the time of the complaint, Mother resided in Preble County, Ohio, Father resided in Butler County, Ohio, and the children attended school in Butler County. The children's address listed with the school was Mother's address. The complaint alleged that (1) J.L. witnessed a physical altercation between Mother and her boyfriend as the boyfriend was driving J.L. to school; (2) J.L. reported that Mother's boyfriend almost wrecked the vehicle twice on the way to school due to the physical altercation; (3) upon arriving at school, J.L. was upset and crying and the school called Father who came to pick up J.L; (4) J.D.L. has not been back to Mother's home in several months due to the physical altercations he has witnessed between Mother and her boyfriend; and (5) Mother denied all physical altercations and refused to utilize services. The children were placed in Father's temporary custody subject to the Agency's protective supervision.

{¶ 4} An adjudicatory hearing was held in June 2024. On June 26, 2024, the juvenile court adjudicated J.D.L. and J.L. dependent children under R.C. 2151.04(C). A dispositional hearing was held three weeks later. On July 19, 2024, the juvenile court ordered the children to remain in Father's temporary custody subject to the Agency's protective supervision, pending further orders from the court.

{¶ 5} Mother now appeals, raising one assignment of error:

{¶ 6} THE JUVENILE COURT LACKED JURISDICTION TO ADJUDICATE THE CASE BECAUSE VENUE WAS IMPROPER.

{¶ 7} Mother argues that the juvenile court lacked jurisdiction to adjudicate J.D.L.

and J.L. dependent children because venue was improper in Preble County as Father and J.D.L. both reside in Butler County, the children attend school in Butler County, the Agency failed to present evidence of J.L.'s residence, and the Agency did not know the county in which the altercation between Mother and her boyfriend inside the vehicle occurred.

**{¶ 8}** Ohio's juvenile courts are statutory courts, created by the General Assembly. *In re Z.R.*, 2015-Ohio-3306, ¶ 14. "As a statutory court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly." *Id.* "It is undisputed that all Ohio juvenile courts have subject-matter jurisdiction over dependency cases." *Id.* at ¶ 16; R.C. 2151.23(A)(1).

**{¶ 9}** Jurisdiction and venue are distinct legal concepts. *In re Z.R.* at ¶ 16. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits" and "defines the competency of a court to render a valid judgment in a particular action." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Venue connotes the particular locality where a lawsuit should be heard, after jurisdiction is established. *Id.* Regarding venue, R.C. 2151.27(A)(1) and Juv.R. 10(A) both provide that a neglect, abuse, or dependency complaint is filed in the juvenile court of the county in which the child has a residence or legal settlement, or in which the abuse, neglect, or dependency occurred.

**{¶ 10}** "Venue defects in juvenile court proceedings are generally corrected using Juv.R. 11." *In re Z.R.*, 2015-Ohio-3306 at ¶ 24. In instances where a juvenile court proceeding is commenced in a county outside a child's county of residence, the juvenile court, "on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required." Juv.R. 11(A). *See also* R.C. 2151.271. There is no evidence Mother moved the juvenile court to transfer the case

- 3 -

to Butler County pursuant to Juv.R. 11 and R.C. 2151.271.

{¶ 11} The Ohio Supreme Court has specifically held that the venue provisions in R.C. 2151.27 and reflected in Juv.R. 10 are "directory rather than mandatory" and "are not jurisdictional requirements." *In re Z.R.* at ¶ 26 and 29. Thus, "the failure to satisfy the venue provisions of R.C. 2151.27(A)(1) in a dependency complaint [does] not remove a juvenile court's jurisdiction over the case," and "it is within the juvenile court's sound discretion to remedy an alleged venue defect by transferring a case to a proper venue." *Id.*

{¶ 12} Although it is unclear whether Preble County was the proper venue, the juvenile court had subject-matter jurisdiction over the dependency cases of J.D.L. and J.L. Mother's assignment of error is accordingly overruled. *In re Z.R.*, 2015-Ohio-3306; *In re I.T.*, 2016-Ohio-555 (9th Dist.).

{¶ 13} Judgment affirmed.

BYRNE, P.J., and SIEBERT, J., concur.