[Cite as *Martin v. Durrani*, 2016-Ohio-5472.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| JULIE MARTIN, et al., | : | |
| | | CASE NOS. CA2016-01-022 |
| Appellees, | : | CA2016-01-023 |
| | : | O P I N I O N |
| - vs - | | 8/22/2016 |
| | : | |
| ABUBAKAR ATIQ DURRANI, M.D., et al., | : | |
| Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2013-02-0522


Rendigs, Fry, Kiely & Dennis, Karen Carroll and Jeffrey Hines, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for appellants, U.C. Health, Inc. and West Chester Hospital, LLC

Lindhorst & Dreidame, Michael Lyon and James Brockman, 312 Walnut Street, Suite 3100, Cincinnati, Ohio 45202, for appellants, Center for Advanced Spine Technologies and Abubakar Atiq Durrani, M.D.

Benjamin M. Maraan, II, Fourth & Walnut Centre, 105 East Fourth Street, Suite 705, Cincinnati, Ohio 45202, for appellees

Matthew Hammer, 635 West 7th Street, Suite 401, Cincinnati, Ohio 45203, for appellees


**S. POWELL, J.**

{¶ 1} Defendants-appellants, Abubakar Atiq Durrani, M.D., his private practice, the

Center for Advanced Spine Technologies ("CAST"), as well as West Chester Hospital, LLC

("WCH") and UC Health, Inc., appeal from the decision of the Butler County Court of Common Pleas granting a motion for a new trial in a medical malpractice action filed by plaintiffs-appellees, Julie Martin and her husband Stanley J. Martin. For the reasons outlined below, we reverse.

**Facts and Procedural History**

{¶ 2}  On February 19, 2013, the Martins filed a medical malpractice action against Dr. Durrani, CAST, WCH, and UC Health resulting from the medical treatment Mrs. Martin received between December 2011 and May 2012. The complaint set forth several causes of action including claims of negligence, battery, fraud, intentional infliction of emotional distress, and loss of consortium. Due to the size and complexity of this case, as well as the fact that several hundred similar cases had been filed against Dr. Durrani, CAST, WCH, and UC Health, the Ohio Supreme Court appointed Judge Guy Guckenberger to preside over this and all other related matters. Judges Timothy Hogan, James Brogan, and John Kessler were then assigned to assist Judge Geckenberger in overseeing the trial schedule required to handle these various cases.

{¶ 3}  After conducting lengthy discovery, a three-week jury trial was held in June and July 2015 before Judge Guckenberger. After both parties rested, the trial court then turned its attention to the admissibility of each of the parties' exhibits. During this time, the Martins' trial counsel objected to the admission of any exhibit that may contain "hearsay within hearsay." In response to this objection, the following exchange occurred.

> THE COURT:  I don't know which ones those are, so you're going to have to point them out to me.
>
> [MARTINS' TRIAL COUNSEL]:  We're going to have to look through them.
>
> THE COURT:  I'll let you do that.  Okay.

[MARTINS' TRIAL COUNSEL]: Thanks, Judge.

{¶ 4} The Martins' trial counsel then made the same objection as it relates to several other exhibits, indicating each time that they would conduct further review of the exhibits prior to agreeing to their admissibility. However, as it relates to the exhibits contained in binders labeled Defense Exhibits E, F, G, and H, the Martins' trial counsel forewent the opportunity to review the documents contained within those binders after trial counsel for Dr. Durrani and CAST described their contents as "exactly the same [exhibits the Martins] offered." As the Martins' trial counsel stated, "No objection as long as they, in fact, are redundant and there's nothing new, i.e., hearsay within hearsay." Again, although given the opportunity to do so, the Martins' trial counsel did not review the contents of those binders prior to their conveyance to the jury for consideration during deliberation.

{¶ 5} On July 9, 2015, after the matter was submitted to the jury, the jury returned a verdict in favor of Dr. Durrani and CAST on all claims. As a result of the jury's verdict, the trial court then dismissed all of the Martins' claims against WCH and UC Health. The trial court subsequently issued its final judgment dismissing the action with prejudice on August 4, 2015.

{¶ 6} Approximately one week later, on August 10, 2015, the Martins filed a motion for a new trial pursuant to Civ.R. 59(A)(1), (2), (6), and (7), which provide that a new trial may be granted on the following grounds:

> (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
>
> (2) Misconduct of the jury or prevailing party;
>
> * * *
>
> (6) The judgment is not sustained by the weight of the evidence;

however, only one new trial may be granted on the weight of the
evidence in the same case;

(7) The judgment is contrary to law[.]

**{¶ 7}** In support of their motion, and as pertinent here, the Martins argued that Dr. Durrani and CAST's trial counsel improperly submitted the wrong evidence to the jury for it to consider during deliberations. The Martins' assertion was supported by an affidavit from Erica Dierling, an office service worker employed as an evidence custodian with the trial court. According to Dierling's affidavit, as part of her employment, she was tasked with reviewing the evidence submitted to the jury with that of the exhibits identified on the itemized evidence inventory sheet. As a result of her review in this case, Dierling averred that she discovered that a portion of the evidence labeled Defense Exhibits E, F, G, and H and submitted to the jury was labeled differently than the evidence that was identified on the itemized evidence inventory sheet. After discovering this mistake, Dierling stated that she informed the trial court bailiff who then informed Judge Guckenberger. The record indicates that Judge Guckenberger then informed the Martins' trial counsel of this issue as part of an in-chambers conference call.

**{¶ 8}** On August 17, 2015, approximately two weeks after the Martins filed their motion or a new trial, the Martins' trial counsel indicated they were planning on filing an affidavit of disqualification of Judge Guckenberger alleging he and Judges Hogan, Brogan, and Kessler had exhibited bias and prejudice in their handling of the Martins' case, as well as with the other cases brought against Dr. Durrani, CAST, WCH, and UC Health. Two days later, on August 19, 2015, Judge Guckenberger recused himself from all 286 cases that he was then overseeing that involved Dr. Durrani, CAST, WCH, and UC Health. Judge Kessler was subsequently appointed to temporarily manage this case as well as several other

matters resulting from Judge Guckenberger's recusal.[1]

{¶ 9} On October 27, 2015, the trial court held a hearing on the Martins' motion for a new trial. It is undisputed that Judge Kessler presided over this hearing. Approximately two months later, on December 30, 2015, the trial court issued a decision granting the Martins' motion for a new trial in accordance with Civ.R. 59(A)(1), which, as noted above, allows for a new trial to be granted due to an "[i]rregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial." In so holding, the trial court stated, in pertinent part:

> This Court finds that the trial proceedings herein were irregular by virtue of the conveyance to the jury for their consideration, and their presumed consideration of, the unadmitted evidence. The court further finds the irregularity prevented [the Martins] from having a fair trial.

{¶ 10} Dr. Durrani, CAST, WCH, and UC Health now appeal from the trial court's decision granting the Martins' motion for a new trial under Civ.R. 59(A)(1), collectively raising a total of six assignments of error for review. In considering these assignments of error, we note that a trial court's decision to grant a motion for a new trial pursuant to Civ.R. 59(A)(1) is reviewed for an abuse of discretion. *Pettit v. Pettit*, 12th Dist. Fayette No. CA2011-08-018, 2012-Ohio-1801, ¶ 10, citing *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312 (1995). An abuse of discretion in ruling on a motion for a new trial connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Domestic Linen Supply & Laundry Co. v. Kenwood Dealer Group, Inc.*, 109 Ohio App.3d 312, 325, (12th Dist.1996).

**Analysis**

{¶ 11} Although raising a number of issues within their collective six assignments of

---

1. Although unclear, it does not appear that the Martins' objected to Judge Kessler being temporarily assigned to

error, after a thorough review of the record, we conclude that only one issue guides our decision in this matter, an issue that necessitates a finding the trial court abused its discretion by granting the Martins' motion for a new trial. Specifically, we find the Martins forfeited their right to raise a challenge to the submitted exhibits and otherwise invited or induced any such error to occur when their trial counsel forwent the opportunity to review the documents contained within the binders labeled Defense Exhibits E, F, G, and H prior to those exhibits being conveyed to the jury for their consideration during deliberation. Therefore, as it relates to this issue only, the collective six assignments of error challenging the trial court's decision are sustained. In all other respects, the issues raised within the collective six assignments of error are rendered moot.

{¶ 12} As defined by the Ohio Supreme Court, in contrast to waiver, "forfeiture is the failure to timely assert a right or object to an error." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21. In turn, "[i]t is well-established that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court." *Boden v. Boden*, 10th Dist. Franklin No. 94APF05-689, 1994 WL 714561, *6 (Dec. 20, 1994), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207 (1982). It is equally well-established that a party is not "permitted to take advantage of an error that he himself invited or induced the trial court to make." *State ex rel. Mason v. Griffin*, 90 Ohio St.3d 299, 303 (2000).

{¶ 13} In this case, the record firmly establishes that the Martins' trial counsel forwent the opportunity to review the documents contained within the binders labeled Defense Exhibits E, F, G, and H prior to those exhibits being conveyed to the jury for their

---

this matter in order to issue a decision on their then pending motion for a new trial.

consideration during deliberation. As a result, we find the Martins forfeited their right to raise this challenge within their motion for a new trial and otherwise invited or induced such error to occur. In so holding, we note that although the record in this case is expansive and spans many thousands of pages, that does not provide any excuse for not conducting a proper review of the proposed exhibits in order to raise any necessary objections to their admissibility. Such holding remains true despite the fact that the Martins' trial counsel was not permitted to take the exhibits home overnight for review.

{¶ 14} We are also unpersuaded by the Martins' claim that their trial counsel had "no time" to review the submitted exhibits since both the trial court and jury were "anxious to hear closing arguments." Contrary to the Martins' claims, the record indicates that the trial court provided ample time to review all of the exhibits including those documents contained within the binders labeled as Defense Exhibits E, F, G, and H. In fact, when specifically asked by the trial court "are we ready or have we officially admitted all the exhibits and are they in the custody of the bailiff," the Martins' trial counsel responded affirmatively and explicitly stated "[t]hey are, your Honor." The Martins' trial counsel also stated that he agreed with the trial court's statement that they "need to get going," further stating that he was ready to move on to his closing argument.

{¶ 15} Finally, despite the Martins' claims, the fact that one particular document, the so-called "Dr. Robert's letter," a document the trial court determined should not be provided to the jury, was also mistakenly included within the exhibits conveyed to the jury for consideration during deliberations in no way prejudiced the Martins given the fact that that letter had been identified and introduced as part of the Martins' case-in-chief and thereafter read aloud to the jury. Therefore, based on the unique facts and circumstances here, we find the trial court abused its discretion by granting the Martins' motion for a new trial after their

trial counsel forwent the opportunity to review the documents contained within the binders labeled Defense Exhibits E, F, G, and H prior to their conveyance to the jury for their consideration during deliberation.  This constitutes a forfeiture and demonstrates that the Martins' trial counsel invited or induced such error.  Accordingly, the trial court's decision to grant the Martins' motion for a new trial is reversed.

{¶ 16} Judgment reversed.

PIPER, P.J., and RINGLAND, J., concur.