[Cite as *In re H.D.*, 2023-Ohio-1849.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| IN RE: | : | |
| H.D. | : | CASE NO. CA2022-10-069 |
| | : | <u>O P I N I O N</u><br>6/5/2023 |
| | : | |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 22-N000373

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt and John G. Rye, IV, Assistant Prosecuting Attorneys, for appellee.

Mark W. Raines, for appellant.

**HENDRICKSON, P.J.**

{¶ 1} Appellant, H.D., appeals from a decision of the Warren County Court of Common Pleas, Juvenile Division ("Warren County Juvenile Court"), denying her request to transfer her case to the Butler County Court of Common Pleas, Juvenile Division ("Butler County Juvenile Court"), pursuant to Juv.R. 11(B). For the reasons that follow, we affirm the juvenile court's decision.

{¶ 2} On June 9, 2022, complaints against H.D. were filed in the Warren County Juvenile Court charging her with being an unruly child in violation of R.C. 2151.022(A) and with being a delinquent child for committing the theft of a motor vehicle in violation of R.C. 29013.02(A)(1), a felony of the fourth degree if committed by an adult. H.D., who is in the permanent custody of Butler County Department of Jobs and Family Services ("BCDJFS") as a result of a July 2017 action, was living at the Midwestern Children's Home in Harlan Township, Warren County, Ohio in June 2022. The complaints allege that on June 8, 2022, H.D. ran away from Midwestern Children's Home and took her house parents' vehicle without their permission.

{¶ 3} H.D. denied the allegations set forth in the complaints and the matter was set for pretrial. On September 23, 2022, H.D. moved to transfer jurisdiction of the case from the Warren County Juvenile Court to the Butler County Juvenile Court pursuant to Juv.R. 11(B). H.D. argued transfer was mandatory under the Juvenile Rules as Butler County was her legal county of residence as she was in the permanent custody of BCDJFS and there was already a "pending proceeding" in the Butler County Juvenile Court since the court conducted annual reviews of her custody placement. In support of her argument, H.D. submitted a July 21, 2022 judgment entry from the Butler County Juvenile Court, in which the court indicated an annual review hearing had been conducted on July 21, 2022. The Butler County Juvenile Court continued the current placement of H.D. after noting that "a potential adoptive home withdrew their interest," and it scheduled its next annual review of the case for June 20, 2023. The Butler County Juvenile Court further noted in its entry that "[H.D.] also has a delinquency hearing in Warren County which likely will be forwarded to Butler County if there is an adjudication."

{¶ 4} The state opposed transferring H.D.'s case to Butler County. It argued that transfer was not required as there was no "pending proceeding" in the Butler County

Juvenile Court since a dispositional order placing H.D. in BCDJFS permanent custody had already been issued. It also argued that venue in Warren County was proper as "[t]he alleged crime took place in Warren County * * * [and] [a]ll evidence and witnesses are located in Warren County."

{¶ 5} Following additional briefing on the issue, a magistrate issued a decision in which he denied H.D.'s request to transfer the case to the Butler County Juvenile Court. In rendering his decision, the magistrate found that the court "d[id] not need to address the pending nature of the Butler County permanency case, because [the] Court finds that reading [Juvenile] Rule 11 in its entirety does not require the Court to transfer this case to Butler County Juvenile Court prior to adjudication." (Underline sic.) The magistrate looked at Juv.R. 11 and found the following:

> The mandatory nature of Rule 11(B) is further defined by Rule 11(C). Although Rule 11(B) requires mandatory transfer if a case is proceeding in the county of residence, Rule 11(C) requires a Court to make a determination regarding interests of justice and convenience. If the transfer or receiving court determine that "in the interests of justice and the convenience of the parties so require" the case shall remain in the county where the complaint was filed for the adjudicatory hearing. The case can then be transferred to the county of residence for further action, according to Rule 11(B). By following this reasoning, all the sections of Rule 11 can be followed. Stated another way, if Rule 11(B) was required regardless of adjudication, it would make Rule 11(C) meaningless.

(Underline sic.)

{¶ 6} The magistrate then considered the interests of justice and convenience in having the adjudication in Warren County rather than in Butler County. The magistrate noted that the witnesses the state expected to call live and work in Warren County, that the law enforcement and prosecutor's office in Warren County were more familiar with the case, and that Warren County had an "interest in the adjudication because the offense allegedly occurred in Warren County to Warren County residents." Finally, the magistrate noted that

- 3 -

H.D. had been placed in a juvenile treatment facility in eastern Ohio and that she had requested to appear at the adjudicatory hearing by video conferencing, which reduced the inconvenience caused to her by keeping the case in Warren County. After considering the interests of justice and the convenience of the parties, the magistrate concluded that "the adjudicatory hearing should be held in Warren County, where the complaint was filed." The magistrate therefore denied H.D.'s request to transfer jurisdiction to Butler County Juvenile Court, but granted H.D.'s request to appear at proceedings via video conferencing.

{¶ 7} H.D. filed timely objections to the magistrate's decision, contending that the magistrate's decision was "contrary to law, the plain language of the statute, and Juvenile Rule 11(B)." H.D. argued the clear and unambiguous language of Juv.R. 11(B) mandated the case against her be transferred to Butler County Juvenile Court and that Juv.R. 11(C) was a discretionary rule that applied only when Rule 11(B) did not. To bolster her argument, H.D. cited to R.C. 2151.271, which she indicated "show[s] how Juv.R. 11(B) interacts with Juv.R. 11(C)" to allow the receiving court (or the court in the child's county of residence) to transfer the case back to the transferring court (or the court where the complaint was originally filed) when the interests of justice and the convenience of the parties requires. H.D. argued, "R.C. 2151.271 contemplates the concerns the Magistrate lays out and addresses them by still requiring mandatory transfer but allowing the county of residence to transfer the proceeding back if 'the interests of justice and the convenience of the parties' requires it."

{¶ 8} On October 24, 2022, the Warren County Juvenile Court overruled H.D.'s objections and adopted the magistrate's decision in full. The Court found that "the magistrate properly determined the facts and appropriately applied the law * * * [and] there is no error of law or defect contained in the Magistrate's Order of October 19, 2022."

{¶ 9} H.D. appealed the juvenile court's decision denying her request to transfer the

case to Butler County, raising the following as her sole assignment of error:

{¶ 10} THE TRIAL COURT ERRED IN FINDING R.C. 2151.271 AND RULE 11(B) OF THE JUVENILE PROCEDURE DO NOT REQUIRE MANDATORY TRANSFER TO THE CHILD'S COUNTY OF RESIDENCE WHEN THERE IS A PENDING PROCEEDING IN SAID CHILD'S COUNTY OF RESIDENCE.

{¶ 11} "Ohio's juvenile courts are statutory courts, created by the General Assembly." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 14, citing R.C. Chapter 2151 and *State v. Wilson*, 73 Ohio St.3d 40, 43 (1995). "As a statutory court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly." *Id.* To ensure a uniform procedure for juvenile courts, the Ohio Supreme Court, pursuant to Section 5, Article IV of the Ohio Constitution, created the Ohio Juvenile Rules. *Linger v. Weiss*, 57 Ohio St.2d 97, 100 (1979); *In re Z.R.* at ¶ 15. Pursuant to Section 5(B), Article IV of the Ohio Constitution, "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *See State v. Greer*, 39 Ohio St.3d 236, 245 (1988).

{¶ 12} "Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult." *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, ¶ 11, citing R.C. 2151.23(A). R.C. 2152.021(A)(1) provides that "any person having knowledge of a child who appears to be a * * * delinquent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the * * * delinquent act allegedly occurred." Similarly, in accordance with Juv.R. 10(A), any person having knowledge of a child who appears to be a delinquent, unruly, neglected, dependent, or abused child, "may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence or legal settlement, or in which the * * *

delinquency, unruliness, neglect, dependency, or abuse occurred."

{¶ 13} Once filed, a delinquency proceeding can be transferred to another county in accordance with the procedural rules set forth in Juv.R. 11. Juv.R. 11 provides as follows:

> **(A) Residence in another county; transfer optional.** If the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes.
>
> **(B) Proceedings in another county; transfer required.** The proceedings, other than a removal action, shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's residence.
>
> **(C) Adjudicatory hearing in county where complaint filed.** Where either the transferring or receiving court finds that the interests of justice and the convenience of the parties so require, the adjudicatory hearing shall be held in the county wherein the complaint was filed. Thereafter the proceeding may be transferred to the county of the child's residence for disposition.
>
> **(D) Transfer of records.** Certified copies of all legal and social records pertaining to the proceeding shall accompany the transfer.

{¶ 14} R.C. 2151.271, in turn, provides the following:

> Except in a case in which the child is alleged to be a serious youthful offender under section 2152.13 of the Revised Code, if the child resides in a county of the state and the proceeding is commenced in a juvenile court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or dispositional hearing, for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes. The proceeding shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's

- 6 -

residence.

Whenever a case is transferred to the county of the child's residence and it appears to the court of that county that the interests of justice and the convenience of the parties requires that the adjudicatory hearing be had in the county in which the complaint was filed, the court may return the proceeding to the county in which the complaint was filed for the purpose of the adjudicatory hearing. The court may thereafter proceed as to the transfer to the county of the child's legal residence as provided in this section.

{¶ 15} "[T]he decision to transfer venue is generally within the juvenile court's broad discretion." *In re Z.R.*, 2015-Ohio-3306 at ¶ 25. However, as the present appeal involves the interpretation of juvenile rules of procedure, we find that the proper standard of review is a mixed question of law and fact. *See In re A.T.*, 12th Dist. Butler Nos. CA2018-06-115 and CA2018-06-116, 2018-Ohio-5295, ¶ 34; *In re S.M.*, 4th Dist. Lawrence No. 09CA5, 2009-Ohio-3118; ¶ 22. Under this standard, we defer to the juvenile court's factual findings if they are supported by competent, credible evidence. *In re A.T.*, at ¶ 34. However, we decide the legal questions de novo, without deference to the juvenile court. *Id.* *See also Anderson v. Bright Horizons Children's Ctrs., LLC.*, 10th Dist. Franklin No. 20AP-291, 2022-Ohio-1031, ¶ 89 (applying a de novo standard of review to interpretation of the civil rules of procedure); *State v. South*, 162 Ohio App.3d 123, 2005-Ohio-2152, ¶ 9 (9th Dist.) (reviewing application of a rule of criminal procedure under a de novo standard).

{¶ 16} H.D. argues that pursuant to Juv.R. 11(B), Warren County Juvenile Court was without any discretion and had to transfer her case to Butler County as she has a custody case pending there. H.D. relies on Juv.R. 11(B)'s "shall be so transferred" language in arguing transfer for adjudication is mandatory. She further maintains that the language of section (C) giving the transferring court or receiving court the ability to order the adjudication hearing in the county where the complaint was filed only comes into play when discretionary transfer under section (A) of the Rule applies or when transfer under section (B) of the Rule

has already occurred. Therefore, under the approach H.D. advocates for, Warren County Juvenile Court would be forced to transfer the case to Butler County, only for the Butler County Juvenile Court to consider the interests of justice and convenience of the parties and transfer the case back to Warren County for adjudication. Following adjudication, the case would then be transferred back to Butler County. Not only would this practice result in unnecessary delay and a waste of resources, but such a practice is not required by the express language of Juv.R. 11.

{¶ 17} As a general rule, courts must consider the text of a rule as a whole rather than "'pick[ing] out one sentence and disassociat[ing] it from the context.'" *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 9, quoting *Black-Clawson Co. v. Evatt*, 139 Ohio St. 100, 104 (1941). "There is a duty to construe all parts of a statute or rule in pari materia in order to give full effect to all provisions if it is reasonably possible to do so." *State v. Jenkins*, 15 Ohio St.3d 164, 225, fn. 58 (1984). Looking at Juv.R. 11 as a whole, reading section (C) in conjunction with section (B), we find that Warren County, as the transferring court, had the authority to keep the complaint in Warren County for purposes of the adjudicatory hearing so long as the interests of justice and the convenience of the parties required it. Thereafter, the case can be transferred to Butler County for disposition. *See In re A.M.P.*, 12th Dist. Butler No. CA2016-01-020, 2016-Ohio-3546, ¶ 31, quoting *Rife v. Morgan*, 2d Dist. Champaign No. 98-CA-6, 1998 Ohio App. LEXIS 6077, *2 (Dec. 18, 1998) ("It is well-established that both R.C. 2151.271 and Juv.R. 11(C) allow for 'hybrid venue in the interests of justice and for the convenience of the parties'"). Construing Juv.R. 11 in this manner gives meaning to each section of the Rule.[1]

---

1. To the extent that Juv.R. 11 conflicts with R.C. 2151.271 regarding the procedure for transferring venue of a juvenile case between a child's county of residence and the county where a complaint is filed, Juv.R. 11 controls. *See* Section 5(B), Article IV of the Ohio Constitution.

{¶ 18} We recognize that the Ohio Supreme Court discussed Juv.R. 11 in *In re Z.R.*, 2015-Ohio-3306, ¶ 24, stating the following:

> Juv.R. 11 addresses two scenarios. First, when a juvenile court proceeding is commenced in a county outside a child's county of residence, the juvenile court *may* transfer the proceeding to the child's county of residence "upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required." Juv.R. 11(A). Second, when a juvenile court proceeding is commenced in a county outside a child's county of residence and "other proceedings involving the child are pending in the juvenile court of the county of the child's residence," the juvenile court *must* transfer the proceedings. Juv.R. 11(B)

(Emphasis sic.) The supreme court did not, however, discuss section (C) of Juv.R. 11 or the effect that section has on section (B) of the rule. *In re Z.R.* is therefore of little assistance in deciding the issue before us.

{¶ 19} Also of little assistance is *In re S.M.*, 4th Dist. Lawrence No. 09CA5, 2009-Ohio-3118, a case H.D. relies on in support of her position that transfer to the Butler County Juvenile Court is mandatory pursuant to Juv.R. 11(B). *In re S.M.* is inapplicable and distinguishable from the case at hand. In that case, the Fourth District ultimately reviewed the denial of a request for transfer of dispositional proceedings under Juv.R. 11(A) since there had been no evidence presented that any juvenile proceeding involving S.M. was pending in his county of residence at the time a complaint had been filed in Lawrence County, the county where the delinquent act occurred. *See id.* at ¶ 24-25. The Fourth District upheld the juvenile court's denial of a request for transfer, stating that "[b]ecause the delinquency occurred in Lawrence County, the trial court reasonably could have determined that the dispositional hearing should be heard in the same county." *Id.* at ¶ 25. Unlike *In re S.M.*, the present case involves an adjudicatory proceeding and the interpretation of Juv.R. 11(B) and (C).

{¶ 20} We now turn to the issue of whether there was competent, credible evidence

that the interests of justice and the convenience of the parties required the adjudicatory hearing to take place in Warren County. In determining that Warren County was the more convenient venue for H.D.'s adjudication, the juvenile court referenced the subpoenas issued by the state, noting that all the witnesses expected to be called at the adjudicatory hearing "live and work in extreme east Warren County" and would need to drive "close to an hour to Butler County Juvenile Court versus less than half an hour" if Warren County Juvenile Court handled the adjudication. The juvenile court also considered H.D.'s attorney's representation that H.D. was in a treatment facility three hours away in eastern Ohio and wished to appear at proceedings by video conferencing. These convenience factors, as well as Warren County's interest in proceeding with the adjudication given that the alleged theft of a motor vehicle offense occurred in Warren County and harmed Warren County residents, support the juvenile court's decision to deny H.D.'s request to transfer the case from Warren County Juvenile Court to Butler County Juvenile Court. Furthermore, H.D. has not argued, and we do not find, that venue of the adjudicatory hearing in Warren County in any way prejudices H.D.

{¶ 21} Accordingly, we overrule H.D.'s sole assignment of error and affirm the denial of H.D.'s motion to transfer jurisdiction from the Warren County Juvenile Court to the Butler County Juvenile Court.

{¶ 22} Judgment affirmed.

PIPER and BYRNE, JJ., concur.