[Cite as *Kokaliares v. Decker & Assocs. – Architectural Design & Planning Servs., L.L.C.*, 2025-Ohio-2038.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

JOHNNY KOKALIARES, :

    Appellant, :

     :

    - vs - :

     :

DECKER & ASSOCIATES – :
ARCHITECTURAL DESIGN &
PLANNING SERVICES, LLC, :

    Appellee.

CASE NO. CA2024-11-132

<u>OPINION AND</u>
<u>JUDGMENT ENTRY</u>
6/9/2025

CIVIL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2024CVF00280

David D. Donnett, for appellant.

Robert A. Winter, Jr., for appellee.

## **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Johnny Kokaliares appeals the judgment entry of the trial court which, among other things, entered judgment against Kokaliares in favor of Decker and Associates – Architectural Design & Planning Services, LLC ("Decker") in the amount of

$10,805. Despite not answering requests for admissions that made Kokaliares jointly liable to Decker for architectural services rendered, Kokaliares raises two assignments of error on appeal. We overrule each of them. Kokaliares' failures to (1) disclose his principal's existence during negotiations, (2) timely answer requests for admissions, resulting in joint liability with other defendants to Decker, and (3) prosecute his affirmative defense that other parties should have been joined to the lawsuit, along with the fact Decker could obtain complete relief from Kokaliares, were more than enough to support the trial court's judgment entry. We affirm that entry.

## I. Factual and Procedural Background

{¶ 2} The facts of this case are relatively underdeveloped because, as the trial court observed, "[t]he lack of discovery here is just breathtaking." Nonetheless, the essential facts for the purposes of this appeal can be cobbled together from the record before this court.

{¶ 3} Decker performed architectural services at 5353 Dixie Highway (the "Property"). The Property is owned by the Kennedy Centre, Inc. (the "Kennedy Centre"). Kokaliares is the president of the Kennedy Centre. There was no written contract for Decker's services, but various proposals, letters, and invoices were addressed to multiple individuals, including Kokaliares personally, or simply addressed to the Property. None of the invoices were addressed to the Kennedy Centre.

{¶ 4} After some invoices remain unpaid, Decker filed suit for breach of contract against the following individuals: Kokaliares, Alberto de la Cruz (a previous tenant of the Property), and Rashaad Kyte (possibly the current tenant of the property who took no active role in these proceedings). Decker alleged that each individual named in the suit was "associated or affiliated with each other for the purpose of constructing improvements" at the Property and had not paid Decker for the services provided.

- 2 -

Kokaliares denied liability in his answer to the complaint and asserted that he was "at all times an agent of a disclosed principal" and that Decker failed to join all parties necessary for claims.

{¶ 5} On July 8, 2024, Decker served requests for admission on Kokaliares which, as relevant here, asked him to

> Admit you [Kokaliares] entered into a contract with [Decker] for it to provide professional architectural services for the [Property] [and]
>
> . . .
>
> Admit that a contract, agreement, understanding, arrangement or other document exists that creates joint liability among Mr. De La Cruz, Mr. Kyte, and you [Kokaliares] regarding the construction of improvements for the [Property].

Kokaliares' responses to these requests for admission were due by August 8, 2024, but Kokaliares responded after this date only upon further request by Decker's attorney. Kokaliares never filed a motion with the court to allow him additional time to respond to Decker's requests.

{¶ 6} On the day of trial, Kokaliares again raised the affirmative defense that a disclosed principal was not joined to the action. However, the trial court found Kokaliares admitted the truth of the matters asserted in Decker's requests for admissions because Kokaliares failed to timely respond. The trial court determined the admissions "trump[ed]" Kokaliares' affirmative defense that Decker failed to join all necessary parties.

{¶ 7} The trial court subsequently ruled in Decker's favor on the issue of liability, and trial proceeded on the issue of damages as well as the parties' remaining counterclaims. After trial, the court found Kyte and Kokaliares jointly and severally liable to Decker in the amount of $10,805. The trial court also found that Kyte was obligated to indemnify Kokaliares for the same amount. Decker dismissed its claims against Alberto

de la Cruz, and the trial court found de la Cruz not liable to Kokaliares for indemnification.

{¶ 8} Only Kokaliares appeals the judgment of the trial court.

## II. Analysis

{¶ 9} We will address both of Kokaliares' assignments of error together.

{¶ 10} FIRST ASSIGNMENT OF ERROR. THE TRIAL COURT ERRED WHEN IT ALLOWED PLAINTIFF-APPELLEE TO PROCEED AGAINST AN AGENT OF A KNOWN PRINCIPLE [SIC] EVEN AFTER THE COURT GAVE PLAINTIFF-APPELLEE THE OPPORTUNITY TO AMEND.

{¶ 11} SECOND ASSIGNMENT OF ERROR. THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST DEFENDANTS WHEN PLAINTIFF-APPELLEE FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT ANY OF THE NAMED DEFENDANTS WERE RESPONSIBLE FOR THE INVOICES PLAINTIFF-APPELLEE SOUGHT TO RECOVER ON AND ESPECIALLY ERRED IN GRANTING JUDGMENT AGAINST DEFENDANTS JOINTLY AND SEVERALLY.

## A. Standard of Review

{¶ 12} We review a trial court's judgment following a bench trial under a manifest weight of the evidence standard. *Duke Energy Ohio, Inc. v. Hamilton*, 2021-Ohio-3778, ¶ 33 (12th Dist.). Under this standard, "a reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created a manifest miscarriage of justice warranting reversal." *Chasteen v. Dix Rd. Property Mgt. LLC*, 2021-Ohio-463, ¶ 43 (12th Dist.). While still independently reviewing the evidence before the trial court, this court affords deference to the trial court's judgment, particularly on closely contested issues of fact. *See Duke Energy* at ¶ 33 (finding appellate court will uphold trial court's decision unless it appears record cannot support a reasonable person

concluding as trial judge did). That is, if the evidence presented to the trial court is "susceptible of more than one construction," this court must make a "reasonable presumption" in favor of the trial court's judgment. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 21., quoting *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

{¶ 13} However, questions of law, such as the trial court's interpretation and application of Ohio's Civil Rules, are reviewed de novo. *See In re H.D.*, 2023-Ohio-1849, ¶ 15 (12th Dist.).

### B. Applicable Law

{¶ 14} **Agents and principals—has the agent told anyone about the principal?** "It is well-settled in the law of agency that an agent who discloses neither the existence of the agency nor the identity of the principal is personally liable in his or her contractual dealings with third parties" because in such instances, the third party "intends to deal with the agent, and relies upon the agent's ability to perform." *Dunn v. Westlake*, 61 Ohio St.3d 102, 106 (1991). Even if the agent discloses the principal later, "the agent is liable for any transactions until after the identity of the principal and the relationship are disclosed." *Wahab Janitorial Servs. v. P.M. Group Mgt.*, 2005-Ohio-3037, ¶ 15 (1st Dist.).

{¶ 15} **Requests for Admissions: Tell me the truth.** Parties can serve requests for admissions on each other. Civ.R. 36(A). Generally, the party requesting admissions may ask the answering party to admit the truth of any matter related to statements or opinions of fact or of the application of law to fact that is relevant to any party's claim or defense. *See id.* Answering parties must respond to requests for admissions within 28 days, or for a longer time if the court allows, by serving written answers or objections to the request. *Id.* Failure to timely respond to requests for admissions results in admitting the truth of the matter asserted in the request. *See id.* at (A)(1).

{¶ 16} **Joinder: Do I have to bring someone else into this case?** Parties such as agents and principals "shall" be joined to an action even when not originally named, as relevant here, when "complete relief cannot be accorded among those already parties," unless the court determines the joinder is not feasible. Civ.R. 19(A), (B). "A potential defendant who is jointly and severally liable, but against whom the plaintiff has chosen not to proceed, is not one of the persons needed for just adjudication under Civ.R. 19." *Athens Small Business Ctr., Inc. v. McGuire*, 1986 WL 4218, *4 (4th Dist. Mar. 27, 1986). This makes sense because joint and several liability means that the plaintiff can collect the *entire* judgment from any *single* defendant, and that defendant would then be "left to pursue her remedies" against the other liable defendants. *Shoemaker v. Crawford*, 78 Ohio App.3d 53, 67 (10th Dist. 1991).

{¶ 17} Defendants may move for dismissal of an action if the plaintiff fails to join certain parties to the suit. Civ.R. 12(B)(7), citing Civ. R. 19, 19.1. "However, merely raising the defense in an answer 'without further affirmative action to prosecute the raised defense results in a waiver[1] of said defense.'" *Nationwide Mut. Fire Ins. Co. v. Logan*, 2006-Ohio-2512, ¶ 24 (12th Dist.), quoting *Mihalic v. Figuero*, 1988 WL 86428, *3 (8th Dist. May 26, 1988).

## C. Application

{¶ 18} **Kokaliares did not tell Decker about the Kennedy Centre until after Decker filed suit.** Kokaliares provided no evidence to the trial court that he disclosed he was an agent for the Kennedy Centre until after Decker sued him. In his answer to Decker's complaint, Kokaliares asserted the affirmative defense that he was an agent of

---

1. "Waiver is the intentional relinquishment or abandonment of a known right," whereas "forfeiture is the failure to timely assert a right . . ." (Cleaned up.) *State v. Rogers*, 2015-Ohio-2459, ¶ 20-21; *Martin v. Durrani*, 2016-Ohio-5472, ¶ 12 (12th Dist.). The record before us indicates Kokaliares forfeited, rather than waived, his claim regarding Decker's alleged failure to join necessary parties because he failed to timely assert this defense. But for the purposes of consistency, this opinion will use "waiver" in this context.

a "disclosed principal." But even then, he did not actually state the name of this alleged principal (the Kennedy Centre).

{¶ 19} Kokaliares argues that he should not be personally liable because Decker addressed the invoices to multiple parties, including Kokaliares, Alberto de la Cruz (personally), and the Property. However, his argument weighs heavily against his assertion that he disclosed the Kennedy Centre to Decker during negotiations, as Decker would have presumably included the Kennedy Centre as an addressee if he had done so.

{¶ 20} Kokaliares' failure to disclose the Kennedy Centre until after Decker sued him means that he is personally liable for the contract. But Kokaliares did not become liable to Decker simply because he failed to disclose the Kennedy Centre during negotiations; he also admitted his personal liability.

{¶ 21} **Kokaliares admitted the truth of his liability by not answering Decker's requests.** Kokaliares asserts Decker did not prove, by a preponderance of the evidence, that he was "responsible" for the unpaid invoices. But Kokaliares himself relieved Decker of its burden to prove Kokaliares' personal liability by failing to timely answer Decker's requests for admissions. That failure resulted in Kokaliares admitting *as truth* that he "entered into a contract with [Decker] for it to provide professional architectural services for the [Property]" and that he was "jointly liable" with Mr. De La Cruz and Mr. Kyte. *See* Civ.R. 36(A)(1). Therefore, Decker did not have to prove what Kokaliares already admitted, and the trial court had no choice but to find Kokaliares entered into the contract with Decker and that he was personally, jointly liable to Decker, along with Mr. Kyte.

{¶ 22} With the record before this court, Kokaliares did not disclose the Kennedy Centre to Decker until Decker filed suit, and Kokaliares admitted as truth he was personally liable to Decker via his failure to answer Decker's requests. Kokaliares' failure

to properly raise legal issues continued to the joinder issue he raises on appeal.

**{¶ 23} Decker could get complete relief from Kokaliares, and Kokaliares waived the affirmative defense of joining necessary parties.** Because the trial court found Kokaliares jointly liable (after he admitted the truth of his "joint" liability), Decker could be accorded "complete relief" by a judgment against Kokaliares. As a result, Decker was not required to join the Kennedy Centre to its suit. *See* Civ.R. 19(A); *Athens*, 1986 WL 4218 at *4.

**{¶ 24}** Kokaliares argues on appeal that Decker "continued to pursue [Kokaliares] while failing to join the disclosed principal [the Kennedy Centre]." But Kokaliares waived this affirmative defense. Under Ohio law, to avoid waiver, the burden was on Kokaliares to take "affirmative action to prosecute" that defense. *Nationwide Mut. Fire Ins. Co.*, 2006-Ohio-2512, at ¶ 24. Kokaliares failed to do so by not raising the issue, in any level of detail, before the day of trial.

**{¶ 25}** Decker's ability to obtain complete relief from Kokaliares, and Kokaliares' failure to affirmatively prosecute his joinder defense defeats his argument.

**{¶ 26}** We overrule both assignments of error.

### III. Conclusion

**{¶ 27}** The trial court did not lose its way in finding Kokaliares personally liable to Decker. Kokaliares' failure to disclose the Kennedy Centre's existence during negotiations, his admission of his personal and joint liability by failing to timely answer requests for admissions, his failure to prosecute his affirmative defense, and the fact Decker could receive complete relief from Kokaliares were more than enough to support the trial court's judgment.

**{¶ 28}** Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

_____

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Fairfield Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge